THE STATE OF OHIO, *v.* ANDERSON.

(No. CRB79-12149—Decided December 21, 1979.)

Toledo Municipal Court.

*Mr. Ralph J. Lewis,* prosecutor, for plaintiff.
*Mr. Alan S. Konop,* for defendant.

ABOOD, J.   On November 15, 1979, this cause came on for hearing on defendant's motion to dismiss. By agreement of the parties, hearing was waived, and the motion was submitted to the court upon the written memorandums of counsel.

The defendant in this action is charged with "attempted soliciting" in violation of R. C. 2907.24, as a fourth-degree misdemeanor. Specifically, the complaint alleges that the Defendant did "***attempt to solicit another to engage in sexual activity for hire, to wit: Did attempt to solicit Officer Rickheim by asking him if he wanted a date and how much he wanted to spend for the sex act."

The defendant's motion is based on the assertion that the complaint does not allege an offense proscribed by the Ohio Revised Code in that there can be no such offense as an "attempted soliciting" under existing Ohio law.

The issue to be decided is whether R. C. 2923.02 (attempt) can be used with R. C. 2907.24 (soliciting) to charge an offense of "attempted soliciting" as a misdemeanor of the fourth degree. (It will not be considered relevant to this issue that the facts as stated in the affidavit herein may state a proper offense of "soliciting" under R. C. 2907.24, taken alone.)

R. C. 2907.25 (prostitution) states that, "No person shall engage in sexual activity for hire."

R. C. 2907.24(A) states, "No person shall solicit another to engage with such other person in sexual activity for hire." Each offense is a misdemeanor of the third degree. It is clear from the language of the two statutes that each offense prohibits certain activity which, by its very nature, can be considered offensive to the general citizenry. It is also clear that R. C. 2907.24(A) (soliciting) prohibits the act of "soliciting" someone to engage in that activity which is prohibited by R. C. 2907.25 (prostitution).

In reading the two statutes together it can hardly be argued that one who is actually soliciting another person to engage in sexual activity for hire is not in fact attempting to so engage in sexual activity for hire. It necessarily follows therefore, that, as proposed by the defendant, the offense of "soliciting" is in fact an attempt to engage in the offense of "prostitution."

As was stated above, however, the offense of "soliciting" is in itself offensive and does in fact stand on its own as a separate offense. It is important here to examine R. C. 2923.02, the "attempt" statute, which deals with "* * * conduct which, if successful, would constitute or result in * * * [an] offense". Unlike activity specifically prohibited by the "soliciting" statute, there are any number of actions by individuals that could be subjectively construed by law enforcement officers as conduct which, if successful, could constitute or result in an offense of "soliciting," but which actions by themselves would not be unlawful or offensive. To permit the prosecution of such actions could conceivably subject certain

citizens to arrest at the whim of a policeman for such things as standing on a street corner or waving at a passing car. This is clearly beyond the scope of constitutional permissibility and contrary to the intent of the legislature.

Therefore, for the reasons stated herein, this court finds defendant's motion well taken and grants same. The complaint is hereby ordered dismissed and the defendant is discharged.

*Complaint dismissed.*