SEO, d.b.a. Seventy–Seven Health Spa, Appellant,

v.

AUSTINTOWN TOWNSHIP et al., Appellees.

[Cite as *Seo v. Austintown Twp.* (1998), 131 Ohio App.3d 521.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 97 C.A. 218.

Decided Dec. 17, 1998.

*Steve P. Stanos,* for appellant.

*Paul J. Gains,* Mahoning County Prosecuting Attorney, and *Donald A. Duda, Jr.,* Assistant Prosecuting Attorney, for appellees.

GENE DONOFRIO, Presiding Judge:

Plaintiff-appellant, Ok Pun Seo, d.b.a. Seventy–Seven Health Spa, appeals a decision of the Mahoning County Court of Common Pleas affirming defendant-appellee Austintown Township's decision to revoke appellant's permit to operate a massage establishment in Austintown Township.

On April 29, 1996, Boualaphana Sithavong, an employee of appellant, was arrested by the Austintown Township Police Department on a charge of soliciting in violation of R.C. 2907.24, a third-degree misdemeanor. Sithavong's case was assigned to Mahoning County Court No. 4. On May 20, 1996, Sithavong entered into a plea agreement, stipulating to a finding of guilty to attempted soliciting in violation of R.C. 2923.02 and 2907.24. On May 28, 1996, the Austintown trustees revoked appellant's license to operate a massage establishment pursuant to R.C. 503.44 and Section 4, Paragraph E of the Austintown Township Resolution regarding the denial or revocation of permits. On May 30, 1996, Sithavong's counsel filed a motion for acquittal in Mahoning County Court No. 4, which was denied.

On June 3, 1996, appellant appealed appellee's decision to revoke appellant's license to the Mahoning County Court of Common Pleas pursuant to R.C. Chapter 2506.[1] In his appeal to the common pleas court, appellant named Austintown Township, the individual trustees and the police chief as defendants, all of whom are appellees in this appeal. Appellant alleged that the revocation was unconstitutional, contrary to law, and invalid. On August 22, 1997, a magistrate's decision was entered affirming the township's decision to revoke appellant's permit to operate a massage establishment. On September 3, 1997, appellant filed a notice of appeal to this court regarding the August 22, 1997 decision of the magistrate. On September 18, 1997, the appeal was *sua sponte* dismissed by this court for lack of jurisdiction due to the fact that the magistrate's decision was not a final appealable order.

On September 10, 1997, appellant filed an "Objection to [the] Magistrate's Decision and Motion for Leave to File Specifics of Objection." No further filings on behalf of appellant are in the record prior to the trial court's October 20, 1997 judgment entry, adopting the decision of the magistrate as its own. On October

---

1. R.C. 2506.01 provides:

 "Every final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department, or other division of any political subdivision of the state may be reviewed by the court of common pleas of the county in which the principal office of the political subdivision is located as provided in Chapter 2505 of the Revised Code, except as modified by this chapter."

28, 1997, appellant timely appealed the October 20, 1997 decision of the trial court.

On March 11, 1998, appellees filed a motion to dismiss appellant's appeal due to appellant's failure to file specific written objections to the magistrate's decision. On April 27, 1998, this court issued a journal entry stating that the motion to dismiss would be considered along with the merits of this appeal. On April 29, 1998, appellant filed a motion in opposition to appellees' motion to dismiss.

### Appellees' Motion to Dismiss

■ On appeal, appellees filed a motion to dismiss appellant's appeal due to appellant's failure to file specific written objections to the magistrate's decision. Appellees cite Civ.R. 53(E)(3)(b), *United States v. Walters* (C.A.6, 1981), 638 F.2d 947, and *Thomas v. Arn* (1985), 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435, for the proposition that the failure to do so operates as a waiver on appeal of the issues that could have been raised by objection.

Appellant states that on September 10, 1997, appellant filed an objection to the magistrate's decision and motion for leave to file specifics of objection. Appellant goes on to argue that the court of common pleas did not grant appellant leave to file said objections.

Appellant also attempts to distinguish *Thomas, supra*, from the case *sub judice*. Appellant argues *Thomas* requires "clear notice" of the need to file objections and that, in this case, clear notice was not given as the magistrate's decision did not indicate that failure to specifically object to it would waive the right to appeal.

Civ.R. 53(E)(3) provides:

"(a) *Time for Filing.* Within fourteen days of the filing of a magistrate's decision, a party may file written objections to the magistrate's decision. If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed. If a party makes a request for findings of fact and conclusions of law under Civ.R. 52, the time for filing objections begins to run when the magistrate files a decision including findings of fact and conclusions of law.

"(b) *Form of Objections.* Objections shall be specific and state with particularity the grounds of objection. If the parties stipulate in writing that the magistrate's findings of fact shall be final, they may object only to errors of law in the magistrate's decision. Any objection to a finding of fact shall be supported by a transcript of all of the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available. A party shall not assign as error on appeal the court's adoption of any finding of fact or

conclusion of law unless the party has objected to that finding or conclusion under this rule."

Civ.R. 53(4)(a) states:

"(4) *Court's action on magistrate's decision*

"(a) *When effective.* The magistrate's decision shall be effective when adopted by the court. The court may adopt the magistrate's decision if no written objections are filed unless it determines that there is an error of law or other defect on the face of the magistrate's decision."

Appellant failed to file specific objections to the magistrate's decision with the trial court. Therefore, the trial court was permitted to adopt the magistrate's decision "unless it determine[d] that there is an error of law or other defect on the face of the magistrate's decision." Civ.R. 53(E)(4)(a).

The magistrate's decision stated as follows:

"On May 20, 1996, one of the plaintiff's employee's [*sic*] was found guilty in Mahoning County Court No. 4 on an amended charge of attempted soliciting in violation of R.C. 2923.02 (attempt) of R.C. 2907.24 (soliciting to engage in sexual activity for hire).

" * * *

"Whether or not the County Court was correct in its ruling that attempted soliciting is a criminal offense, the ruling and conviction stand. No appeal was taken from the conviction and sentence. No appeal was taken on the court's decision(s) denying the defendant's motion for acquittal or to vacate the conviction. The plaintiff's argument is therefore without merit.

" * * *

"The plaintiff's employee's conviction for attempted solicitation of a sexual act, as prohibited by R.C. 2907.24 is a conclusive fact. If, as the plaintiff contends, there is no such crime, as held in *State of Ohio v. Anderson* (1979), 62 Ohio Misc. 1 [16 O.O.3d 185, 404 N.E.2d 176], then as held in that same case she was guilty of solicitation because the court stated that R.C. 2907.24 includes an attempted solicitation.

"Moreover, attempted solicitation of a sexual act is conduct prohibited under R.C. 503.42 and is grounds for the revocation of the license."

The essence of appellant's appeal is that there is no such crime as attempted solicitation. This claim involves a question of a clear error of law or other defect on the face of the magistrate's decision and the trial court's improper adoption thereof. Based on the foregoing, appellant's appeal is proper.

Appellees' motion to dismiss is hereby overruled.

Appellant's Assignments of Error

■ Appellant sets forth two assignments of error which both involve the application of Sithavong's "attempted soliciting" plea to the revocation of appellant's permit. In appellant's first assignment of error, he states:

"The court erred when it found that the defendants-appellees properly revoked the permit of plaintiff–appellant pursuant to ORC Section 503.44 for a violation of ORC Sections 2923.02 and 2907.24."

Appellant argues that pursuant to the Austintown Township ordinance and R.C. 503.44, appellant's permit could only be revoked if any one of the persons named on the application was convicted of any violation of R.C. Chapter 2907, or a similar municipal ordinance. Appellant states that although charged with a violation of R.C. 2907.24, appellant's employee, Sithavong, was found guilty of violating R.C. 2923.02.

Appellees argue that the trial court did not err in upholding the township's revocation of appellant's permit. Appellees state that the judgment entry regarding appellant's employee, Sithavong, shows that she was found guilty of violating both R.C. 2923.02 and 2907.24.

R.C. 503.44 provides as follows:

"If a board of township trustees has adopted a resolution under section 503.41 of the Revised Code, it shall deny any application for a permit to operate a massage establishment or revoke a previously issued permit, for any of the following reasons:

" * * *

"(D) Any one of the persons named on the application has been convicted of or pleaded guilty to any violation of Chapter 2907 of the Revised Code, or violation of any municipal ordinance that is substantially equivalent to any offense contained in Chapter 2907. of the Revised Code, within five years preceding the application."

The relevant Austintown Township Ordinance states:

"Section 4. Denial or revocation of permit. (As set forth in O.R.C. 503.44).

"The board of township trustees shall deny any application for a permit to operate a massage establishment or revoke a previously issued permit for any of the following reasons:

" * * *

"D. Any one of the persons named on the application has been convicted of or pleaded guilty to any violation of Chapter 2907 of the Revised Code, or violation of any municipal ordinance, in Ohio, that is substantially equivalent to any offense

contained in Chapter 2907 of the Revised Code within five years preceding the application."

The judgment entry evidencing the plea agreement of appellant's employee, Sithavong, states that she pled no contest, waived the introduction of evidence, and stipulated to a finding of guilty to the charge of attempted soliciting, a fourth-degree misdemeanor, a violation of R.C. 2923.02 and 2907.24.

There is no such crime as attempted solicitation in the state of Ohio. R.C. 2907.25 (prostitution) states:

"(A) No person shall engage in sexual activity for hire.

"(B) Whoever violates this section is guilty of prostitution, a misdemeanor of the third degree."

R.C. 2907.24 (soliciting) states:

"(A) No person shall solicit another to engage with such other person in sexual activity for hire.

" * * *

"(C)(1) Whoever violates division (A) of this section is guilty of soliciting, a misdemeanor of the third degree."

R.C. 2923.02 (attempt) states:

"(A) No person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct that, if successful, would constitute or result in the offense."

In *State v. Anderson* (1979), 62 Ohio Misc. 1, 16 O.O.3d 185, 404 N.E.2d 176, the Toledo Municipal Court was confronted with the issue of whether attempted solicitation was a chargeable offense in the state of Ohio. In analyzing the above statutes, the court held:

"It is * * * clear that R.C. 2907.24(A) (soliciting) prohibits the act of 'soliciting' someone to engage in that activity which is prohibited by R.C. 2907.25 (prostitution).

"In reading the two statutes together it can hardly be argued that one who is actually soliciting another person to engage in sexual activity for hire is not in fact attempting to so engage in sexual activity for hire. It necessarily follows therefore, that, as proposed by the defendant, the offense of 'soliciting' is in fact an attempt to engage in the offense of 'prostitution.'

"As was stated above, however, the offense of 'soliciting' is in itself offensive and does in fact stand on its own as a separate offense. It is important here to examine R.C. 2923.02, the 'attempt' statute, which deals with ' * * * conduct which, if successful, would constitute or result in * * * [an] offense'. Unlike

activity specifically prohibited by the 'soliciting' statute, there are any number of actions by individuals that could be subjectively construed by law enforcement officers as conduct which, if successful, could constitute or result in an offense of 'soliciting,' but which actions by themselves would not be unlawful or offensive. To permit the prosecution of such actions could conceivably subject certain citizens to arrest at the whim of a policeman for such things as standing on a street corner or waving at a passing car. This is clearly beyond the scope of constitutional permissibility and contrary to the intent of the legislature.

"Therefore, for the reasons stated herein, this court finds defendant's motion well taken and grants same. The complaint is hereby ordered dismissed and the defendant is discharged."

We agree with the reasoning as set forth by the Toledo Municipal Court. Solicitation is an attempt to engage in the offense of prostitution. To permit "attempted soliciting" would make it a crime to attempt to attempt to engage in the offense of prostitution. We therefore find that there can be no such offense as "attempted solicitation" under existing Ohio law.

 Furthermore, the magistrate's statement that appellant's argument is without merit because "no appeal was taken on the court's decision(s) denying the defendant's [Sithavong's] motion for acquittal or to vacate the conviction" is also misplaced. Appellant was not a party to Sithavong's criminal proceeding, and hence, had no standing to appeal her conviction. Consequently, appellant cannot be bound by that decision.

Appellant's first assignment of error is with merit.

 In their second assignment of error, appellant argues:

"The court erred in finding that the trustees were correct in revoking plaintiff-appellant's permit when there is no such offense as attempted soliciting, ORC 2923.02."

Appellant cites *Anderson*, 62 Ohio Misc. 1, 16 O.O.3d 185, 404 N.E.2d 176, for the proposition that an offense of soliciting under R.C. 2907.24 necessarily constitutes an attempt to commit an offense of prostitution under R.C. 2907.25, and therefore there can be no such offense as attempted soliciting under the general attempt statute, R.C. 2923.02.

Appellees argue that assuming *arguendo* that appellant is correct that there is no offense known as "attempted solicitation," the conviction was not appealed and remains on record. Additionally, appellees argue that the judgment entry shows that the appellant's employee was found guilty of both R.C. 2923.02 and 2907.24.

The May 20, 1996 judgment entry pertaining to Sithavong states that she was found guilty of "attempted soliciting M–4." Appellant is correct in the assertion that the attempt statute cannot be used with the soliciting statute to charge an offense of "attempted soliciting" as a misdemeanor of the fourth degree, since the offense of soliciting necessarily constitutes an attempt to commit prostitution. See Assignment of Error One.

Appellant's second assignment of error has merit.

The decision of the trial court is hereby reversed and the township's revocation set aside.

*Judgment reversed.*

WAITE, J., concurs.

Cox, J., concurs separately.

Cox, Judge, concurring.

While I concur with the discussion and ruling of the majority in this case, I would also reverse the trial court's decision revoking appellant's permit to operate a massage establishment on another ground. Although this issue was not specifically raised as an assignment of error, I would *sua sponte* raise the issue that R.C. 503.44 clearly provides for the revocation of a permit when *any one of the persons named on the application* has been convicted of or pled guilty to any violation set forth in R.C. Chapter 2907. There was no evidence in the record to indicate that appellant's employee, who was found guilty of a violation of R.C. 2907.24, was named on the application. Therefore, the requirements of R.C. 503.44 were not met and the trial court erred in revoking appellant's permit.