I concur with the majority opinion that the agreed waiver issue is one of first impression in our district, and also with the analysis regarding Civ.R. 53(E)(4)(a). However, I respectfully dissent from the balance of the opinion addressing the assignments of error raised by appellant. As this Court lacks jurisdiction, I would sua sponte dismiss the appeal for lack of a final appealable order.
First and foremost, the basis of the instant appeal is the January 24, 2000 magistrate's decision, not an order of the trial court. Clearly this is not a final appealable order as contemplated by R.C. 2505.02. In Seov. Austintown Twp. (1998), 131 Ohio App.3d 521, this Court sua sponte
dismissed an appeal attempted from a magistrate's decision "* * * for lack of jurisdiction due to the fact that the magistrate's decision was not a final appealable order." Id. Likewise this appeal should be dismissed for lack of a final appealable order. This is jurisdictional, not a technical mistake as concluded by the majority.
Secondly, appellant's arguments do not fit within the exception of Civ.R. 53(E)(4)(a) which would permit us to address them on the merits. Appellant is not assigning error to the trial court's adoption of the magistrate's decision because it contained plain error on its face as contemplated and constrained by Civ.R. 53(E)(4)(a). Had he done so, it would be appropriate for us to address the merits of his assignments of error, as we did in Seo. In that case, the appellant's second attempt for appellate review was an appeal of the trial court's order adopting themagistrate's decision, which survived a motion to dismiss because he complied with Civ.R. 53(E)(4)(a). The assignments of error in Seo focused on the trial court's failure to correct a clear error of law contained on the face of the magistrate's decision, namely revoking a license for a violation of a crime that does not exist.
Here, appellant is challenging evidentiary rulings and legal analysismade by the magistrate in reaching his decision. The only proper procedural vehicle available to appellant to raise that type of error is to file objections with the trial court as provided in Civ.R. 53(E)(3). He has bypassed a level of the review process governing magistrate's decisions by assigning error in this court that first should have been considered by the trial court.
This is further born out by the manner in which appellant has couched his assignments of error. In his first assignment of error, appellant does not argue the magistrate's decision contains a misstatement of Ohio law that the trial court overlooked. Rather, he objects to the magistrate's analysis. Contrary to the conclusion of the majority, this does not rise to the level of plain error contemplated by Civ.R. 53(E)(4)(a). Appellant's second assignment of error challenges an evidentiary ruling. As recognized by the majority, this error does not appear on the face of the magistrate's decision. The proper procedural avenue to challenge such error is to file objections to the magistrate's decision for resolution by the trial court.
Appellant couched neither assignment of error as a failure of the trial court to correct a defect on the face of the magistrate's decision. Therefore, he does not fall within the narrow exception Civ.R. 53(E)(4)(a) which would permit us to review the merits of the appeal. Because he did not preserve the errors for review by filing objections as required by Civ.R. 53(E)(3)(b), they are waived.
We must be mindful of the philosophy of judicial restraint and resist issuing advisory opinions. This is exemplified in the Ohio Supreme Court's decision in N. Canton v. Hutchison (1996), 75 Ohio St.3d 112,114:
 "It is tempting to us to consider, discuss and rule on some or all of the foregoing issues and even some others not set forth. In addition, we recognize that the main issue presented is one that is capable of repetition. However, none of this matters because the issue being appealed to us does not emanate from an order which is final and appealable, as explained infra. Accordingly, any opinion we would render on an issue which is not the subject of a final judgment would be, at best, advisory in nature. It is, of course, well settled that this court will not indulge in advisory opinions."
We recently cited N. Canton as authority for our refusal to issue an impermissible advisory opinion in Bionci v. Boardman Local Schools, (June 18, 2001), Mahoning App. Nos. 00 CA 6, 00 CA 83, unreported. We should refrain from doing so here as well.
For the foregoing reasons, I would decline to address appellant's assignments of error on the merits as this Court lacks jurisdiction to do so, and sua sponte dismiss the appeal for lack of a final appealable order.