OPINION
This timely appeal arises from a trial court judgment adopting a magistrate's decision in part. The trial court awarded Debra E. Melone the sum of $32,572.64 plus interest after her sister, Norma Bischoff, redeemed two joint and survivorship certificates of deposit which the parties held. For the following reasons, we affirm the judgment of the trial court.
Appellant/Cross-Appellee, Norma Bischoff, ("Appellant") and Appellee/Cross-Appellant, Debra E. Melone, ("Appellee") are sisters who, along with their now deceased mother, held two joint and survivorship certificates of deposit (CDs) from Defendant, Home Savings and Loan Company ("Home Savings"). (Tr. p. 5). Shortly before her death on July 22, 1996, Appellant's mother gave the certificates to Appellant to hold. (Tr. p. 16). Appellant redeemed the CDs on June 13, 1997, at which time they were valued at $108,957.28. (Tr. p. 7). Appellant had a check to herself in the amount of $7,051.28 issued and a check to Appellee in the amount of $21,906.00 issued. (Tr. pp. 5-6). Appellant purchased four new $20,000.00 CDs in her name only from Home Savings with the remainder. (Tr. p. 6).
On June 1, 1998, Appellee filed a complaint seeking damages for negligence, breach of contract and conversion against Appellant and Home Savings. A magistrate's hearing was held on February 26, 1999, where Appellant testified that her mother and Appellee held an additional C.D. worth $60,000. (Tr. p. 17). Appellant stated that her mother always treated her children equally. When Appellant redeemed the CDs, she claimed that it would have been her mother's intent to divide the total value of the redeemed CDs and the $60,000 C.D. equally between Appellant and Appellee. (Tr. pp. 17, 26-27). On March 2, 1999, the magistrate filed his decision finding that even if Appellant's representation of her mother's intent was accurate, it was irrelevant. The magistrate determined that Appellant and Appellee were each entitled to half of the value of the redeemed CDs. The magistrate awarded Appellee $32,572.64, representing half of the value of the CDs less the money already received from Appellant. The magistrate ordered Home Savings to pay the judgment from the new CDs which Appellant purchased. Appellee was also awarded ten percent annual interest from June 13, 1997.
Appellant filed no timely objections to the magistrate's decision and on June 11, 1999, the trial court filed a judgment entry adopting the magistrate's decision in full. On June 17, 1999, Appellant filed a motion to vacate the trial court's adoption of the magistrate's decision. The trial court implicitly granted the motion in a journal entry filed on June 30, 1999, wherein the court granted Appellant leave to file objections to the magistrate's decision. That same day Appellant filed her objections to the magistrate's decision which stated in their entirety:
 "1. The Defendants [sic], Norma Bischoff is the sole owner of the accounts in question.
"2. The Defendant Norma Bischoff solely created the designation on the accounts and can change the designations at anytime during her lifetime.
"3. The interest rate awarded by the Magistrate should be reduced to the interest paid by Home Savings Loan on the C.D.'s"
On August 25, 1999, the trial court overruled the objections except as regards the award of interest. The trial court reduced the interest rate, "* * * to the interest paid by Home Savings Loan on the CD's."
Appellant filed her notice of appeal on September 24, 1999. Appellee filed a notice of cross appeal on October 26, 1999. We initially dismissed the cross appeal as untimely filed, however, the cross appeal was reinstated pursuant to Appellee's motion. Home Savings is not a party on appeal.
Appellant raises as her sole assignment of error:
 "THE COURT OF COMMON PLEAS ERRED BY GRANTING JUDGMENT FOR DEBRA MELONE IN THE AMOUNT OF $32,572.64 WITHOUT HAVING BEFORE IT ANY EVIDENCE AS TO THE SOURCE OF FUNDS OF THE TWO CD'S HELD IN JOINT AND SURVIVOR BY HAZEL SNYDER, DEBRA MELONE AND NORMA BISCHOFF."
Appellant argues that the trial court improperly assumed that both Appellee and Appellant were entitled to half of the proceeds from the certificates of deposit without having any evidence as to the source of the funds for the certificates. Appellant relies on In re Estate ofThompson (1981), 66 Ohio St.2d 433, where the Ohio Supreme Court held that if there are two or more surviving parties, their ownership during their lifetimes is in proportion to their previous ownership augmented by an equal share for each survivor of any interest the decedent earned prior to his death. Based on the record before us, however, this assignment of error lacks merit.
Appellant has failed to preserve this issue on appeal as her objections to the magistrate's decision were deficient. A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision. Civ.R. 53(E)(3)(a). Objections must be specific and stated with particularity. Civ.R. 53(E)(3)(b). Furthermore, "[a] party shall not assign as error on appeal the court's adoption of any finding or conclusion of law unless the party has objected to that finding or conclusion under Civ.R. 53." Civ.R. 53(E)(3)(b). "[This] rule reinforces the finality of trial court proceedings by providing that failure to object constitutes waiver on appeal of a matter which could have been raised by objection." Civ.R. 53(E)(3)(b) commentary.
This failure precludes us from considering all but plain error in this case. Seo v. Austintown Twp. (1998), 131 Ohio App.3d 521, 525. The plain error doctrine may be applied only in extremely rare cases involving exceptional circumstances where the error seriously affects the basic fairness, integrity, or public reputation of the judicial process, challenging the legitimacy of the underlying judicial process itself.Goldfuss v. Davidson (1997), 79 Ohio St.3d 116, 122-123. In the matter before us, we find no error at all in the trial court's distribution to Appellee.
Appellant essentially argues that she and Appellee were entitled to an amount equal to their respective contribution for the purchase of the CDs plus corresponding interest and an equal share of their mother's contribution and corresponding interest. This is consistent with the view of the Ohio Supreme Court:
 "A joint and survivorship account belongs, during the lifetime of all parties, to the parties in proportion to the net contributions by each to the sums on deposit, unless there is clear and convincing evidence of a different intent."
 In re Estate of Thompson, supra, paragraph one of the syllabus. The Ohio Supreme Court has also stated:
 "The opening of a joint and survivorship account in the absence of fraud, duress, undue influence or lack of capacity on the part of the decedent is conclusive evidence of his or her intention to transfer to the surviving party or parties a survivorship interest in the balance remaining in the account at his or her death."
 Wright v. Bloom (1994), 69 Ohio St.3d 596, paragraph two of the syllabus; In re Estate of Thompson, supra, paragraph two of the syllabus, overruled.
Unfortunately for Appellant, there is no evidence to suggest that either party contributed funds for purchase of the CDs. Rather, by her own testimony, Appellant appears to admit that her mother was the sole purchaser of the CDs: "[m]y mother had given me the original CDs shortly before she passed away * * * The ones that she had originally taken out." (Tr. p. 16). (Emphasis added.) Thus, the trial court did not err in failing to account for any contribution from either party for the purchase of the CDs.
Moreover, there is no evidence on the record of fraud, undue influence, duress, or lack of capacity of the decedent to rebut the presumption that she intended Appellant and Appellee to have a survivorship share of the CDs. Appellant's only testimony on this issue was that her mother treated her children equally and that she must have intended to divide her property equally between Appellant and Appellee. (Tr. p. 27). This, however, is mere speculation on Appellant's part as to her mother's intent. It does not amount to evidence of fraud, undue influence, duress or lack of capacity as regards her mother. Appellant's testimony is also subject to credibility determinations by the trial court. Based on the record before us, it appears that the trial court correctly determined that the proceeds from the redeemed CDs should have been divided equally between the parties.
Although not clearly identified as such, Appellee offers as her cross-assignment of error:
"THE COURT OF COMMON PLEAS ERRED IN ADJUSTING THE AWARD OF INTEREST RENDERED BY THE MAGISTRATE."
Appellee's entire argument states:
 "The Magistrate's award of statutory interest by decision March 20, 1999 from June 13, 1997 should not be distributed [sic] by the trial court. It was not an abuse of discretion to award interest and the date from which the interest accrues in [sic] consistent with ORC 1343.03(c).
"`Interest on a judgment, decree, or order for the payment of money rendered in a civil action based on tortuous [sic] conduct and not settled by agreement of the parties, shall be computed from the date the cause of action accrued to the date on which the money is paid.'"
To the extent we can discern an appellate issue, we must hold that this assignment also lacks merit.
Civ.R. 53(E)(4)(b) provides in relevant part that the trial court must rule on an objection to a magistrate's decision and may adopt, reject or modify the decision. The decision to adopt, reject or modify a magistrate's decision will not be reversed on appeal unless the decision amounts to an abuse of discretion, which has been defined as, "* * * more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Wade v. Wade (1996),113 Ohio App.3d 414, 419 quoting Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
In the matter before us, the magistrate granted Appellee judgment, "* * * in the sum of $32,572.64 with interest thereon at 10% per annum since June 13, 1997." Appellant is assuming that this constituted an award of statutory interest pursuant to R.C. § 1343.03. Appellee is correct in stating that the award of interest from June 13, 1997, corresponds with the statutory provision that interest on a judgment in a tort action is to be computed from the date the cause of action accrued. R.C. §1343.03(C). The trial court did not alter the date from which interest on Appellee's award was to be calculated. Rather, the trial court reduced the interest rate from 10%, as awarded by the magistrate, to an amount which reflects the interest rate paid by Home Savings on the redeemed CDs.
R.C. § 1343.03(A) provides for payment of post-judgment interest at the rate of 10% per annum on a judgment which arises from tortious conduct. That statutory interest rate does not apply here as the magistrate awarded what could be construed as pre-judgment interest. A look at the pre-judgment interest statute, however, reveals that the award cannot be based on this section either. R.C. § 1343.03(C), the section which provides for pre-judgment interest in a tort action, states that this interest will be awarded from the date that the cause of action accrued after a formal motion and hearing. Further, an award of the statutory pre-judgment interest involves some "bad faith" on the part of the obligor. Thus, there is nothing in the record to enable us to construe that this interest on the damage amount actually reflects a statutory award. Rather, it appears that the magistrate's decision was an overreaching attempt at an award which would make the parties whole for Appellant's tortious conduct in cashing out the CDs. In so doing, the award of 10% interest appears to be arbitrary.
In modifying the magistrate's decision, the trial court imposed the interest rate Appellee would have continued to earn on her monetary share of the CDs had Appellant not wrongfully redeemed them. Such an amendment by the trial court corresponds with and corrects the harm suffered by Appellee and reflects an award of damages rather than an award of pre-judgment interest. As such, the trial court did not abuse its discretion in modifying the magistrate's decision. We therefore overrule Appellee's cross-assignment of error.
For all the foregoing reasons, we affirm the judgment of the trial court.
Vukovich, P.J., concurs.
O'Neill, J., concurs.