OPINION
{¶ 1} This is an appeal of a judgment of the Lake County Court of Common Pleas, Juvenile Division, overruling David J. Kidd's objections to the magistrate's decisions.
 {¶ 2} On the morning of August 30, 2000, Kortney Kidd ("Kortney") was getting ready for school when her father, appellant David J. Kidd, came into her room and told her to clean her room. Kortney became angry at this instruction, and called appellant a "fucking prick." Appellant slapped Kortney on the face. Kortney called the Eastlake police, alleging that her father had abused her.
 {¶ 3} The police arrived at the Kidd residence and listened to Kortney's story and examined her face. Failing to find marks on Kortney, and having no corroboration for her story, the police refused to act on her complaints. Kortney went to school and did not return home that night. After her parents called the police to report her missing, Kortney was turned in to the police and taken into custody.
 {¶ 4} The Juvenile Court's magistrate held a detention hearing on September 5, 2000, on the issue of whether Kortney was an unruly child. Appellant, Kortney's father, and Kortney's mother were made parties to the proceeding and signed waivers of counsel. Kortney appeared, represented by an attorney.
 {¶ 5} Kortney pleaded true to the charges that she was an unruly child. At the hearing, Kortney also accused her father of abuse. In response to this allegation, appellant admitted that he had slapped Kortney's face, but denied abusing her. The state recommended that Kortney be returned to the custody of her parents; Kortney, through her attorney, requested that she be placed in the custody of the Lake County Department of Job and Family Services ("LCDJFS").
 {¶ 6} The magistrate expressed discomfort at the prospect of returning Kortney to her parents, and found that, due to Kortney's allegations of abuse, the tense family situation and the attitudes of both Kortney and her parents, permitting Kortney to remain in the home would be against her best interest. The magistrate awarded temporary custody to LCDJFS. At this hearing, the magistrate also ordered the rest of the Kidd family, appellant, Kortney's father; Kathleen Kidd, Kortney's mother; and David, Nichole, and Michael Kidd, Kortney's siblings, to obtain an anger risk assessment. A disposition hearing was scheduled for September 19, 2000. The trial court adopted the magistrate's findings and dispositions on September 6, 2000.
 {¶ 7} At the September 19 hearing, the magistrate continued the temporary custody disposition, and ordered Kortney to have a psychiatric evaluation at Laurelwood. At this time, the rest of the Kidd family had not yet completed the anger risk assessment, and the magistrate ordered them to sign the necessary forms to release information from an assessment to LCDJFS. A case plan review hearing was set for November 3, 2000. The trial court adopted the magistrate's recommendations on the same day.
 {¶ 8} On October 23, 2000, appellant filed a "Motion to Terminate Temporary Custody or in the Alternative For an Adjudicatory Hearing." In this motion, appellant claimed that the magistrate had ordered that Kortney be placed under the temporary custody of LCDJFS because she was an abused child. Because of this, appellant claimed he had a right to a hearing to dispute the charges against him, and that either temporary custody should be terminated or the court should hold a hearing on abuse charges.
 {¶ 9} On November 3, 2000, upon conclusion of the case plan review hearing, the magistrate terminated temporary custody of Kortney, released her to her parents, and granted LCDJFS protective supervision over her. The magistrate also ordered that: Kortney was to have a psychological evaluation; the rest of the Kidd family was to comply with the anger risk assessment, attend counseling, and cooperate with the in-home services; Kortney was to comply with the terms of her probation; and, Kortney's parents were not to use corporal punishment. The magistrate's recommendations were filed on November 7, 2000, and the trial court adopted them on the same day.
 {¶ 10} On November 20, 2000, appellant filed an objection to the magistrate's decision of November 3, 2000. In the briefing that followed appellant's motion, appellant not only argued objections to the magistrate's decision of November 3, but also objected to the magistrate's decisions of September 3 and September 19, 2000. The trial court, in its February 8, 2001 judgment entry on appellant's objections, refused to consider appellant's objections to the September 3 and September 19 decisions of the magistrate, as the objections were filed well after the fourteen-day limit set forth in Juv.R. 40(E)(3)(a). The trial court considered appellant's objections to the magistrate's November 3 decision, however, because appellant's objections were filed within fourteen days of the November 7 filing date.
 {¶ 11} The trial court also determined that issues regarding the grant of temporary custody were moot because temporary custody was terminated at the hearing of November 3, 2000. The issues on which appellant had timely objected were the grant of protective supervision to LCDJFS and the orders to the parents to attend counseling, to comply with the recommendations of the assessments, and to refrain from corporal punishment.
 {¶ 12} The court determined that the grant of protective supervision was authorized by R.C. 2151.354 in cases of children found to be unruly. The court also found that the orders to comply with recommendations from assessments and to attend counseling were "reasonable restrictions," authorized in cases where protective supervision is ordered. The trial court ruled, however, that the order to refrain from corporal punishment was contrary to law, and removed that restriction.
 {¶ 13} Appellant filed a timely notice of appeal, raising the following assignments of error:
 {¶ 14} "[1.] [t]he trial court prejudicially erred by refusing to correct the magistrate's decision and both the magistrate's decision and the referring judge's decisions are subject to appellate review.
 {¶ 15} "[2.] [t]he magistrate and the trial court prejudicially erred by refusing to follow the statutory and constitutional mandates required to remove a child from the custody of her parents.
 {¶ 16} "[3.] [t]he trial court violated the Fourteenth Amendment of the United States Constitution by removing the appellant's [sic.] from their home and custody without the adjudicatory hearing required by due process.
 {¶ 17} "[4.] [t]he trial court's refusal to address the appellant's motion to terminate temporary custody or in the alternative hold an adjudicatory hearing was an abuse of discretion."
 {¶ 18} All of appellant's assignments of error deal with the trial court's September 6, 2000 judgment adopting the magistrate's award of temporary custody to LCDJFS on September 5, 2000. Though neither party raises the issue, we first examine whether the trial court's September 6 judgment is a final appealable order.
 {¶ 19} In In re Murray (1990), 52 Ohio St.3d 155, the Supreme Court of Ohio held that, "[a]n adjudication by a juvenile court that a child is `neglected' or `dependent' as defined in R.C. Chapter 2151 followed by a disposition awarding temporary custody to a public children services agency pursuant to R.C. 2151.353(A)(2) constitutes a `final order' within the meaning of R.C. 2505.02 and is appealable to the court of appeals pursuant to R.C. 2501.02." Id. at syllabus.
 {¶ 20} Although the Supreme Court of Ohio's holding in Murray
specifically applies to a situation where a child is adjudicated neglected or dependent, we see no reason to conclude that the same disposition preceded by an adjudication that a child is unruly should not also be a final appealable order. We hold, therefore, that an adjudication that a child is unruly, followed by a disposition awarding temporary custody to a public children services agency pursuant to R.C. 2151.353(A)(2) constitutes a final, appealable order.
 {¶ 21} The magistrate's decision of September 5, 2000, adopted by the trial court on September 6, 2000, adjudicated Kortney an unruly child and granted temporary custody of Kortney to LCDJFS. He also set a hearing for further disposition on September 19, 2000. At the September 19 hearing, the magistrate continued temporary custody and scheduled a case plan review hearing for November 3, 2000. The trial court adopted the magistrate's decision on September 19.
 {¶ 22} Thus, by September 19, 2001, the trial court had issued a final, appealable order, from which appellant never filed a notice of appeal. Ordinarily, a party must file a notice of appeal within thirty days of the entry of a judgment. App.R. 4(A). Under App.R. 4(B)(5), however, an exception is made for partial final judgments. App.R. 4(B)(5) states that, "If an appeal is permitted from a judgment or order entered in a case in which the trial court has not disposed of all claims as to all parties, *** a party may file a notice of appeal within thirty days of entry of the judgment or order appealed or the judgment or order that disposes of the remaining claims."
 {¶ 23} Thus, although appellant did not file his notice of appeal within thirty days of the September 6, 2000 entry granting temporary custody of Kortney to LCDJFS, we are not precluded from considering the September 6 judgment because appellant filed a timely notice of appeal of the February 8, 2001 order disposing of all the remaining claims.
 {¶ 24} In his first assignment of error, appellant argues that, even though he did not object to the September 5 magistrate's decision within fourteen days as required by Juv.R. 40(E)(3)(a), appellate review of these decisions is not precluded. Appellant's argument is premised on the assertion that the trial court and the magistrate did not have constitutional authority to order temporary custody to LCDJFS, and that, because the court and the magistrate lacked such authority, appellant is not bound by Juv.R. 40.
 {¶ 25} Juv.R. 40 provides that, on matters referred to the magistrate for decision, a party must file written objections to the magistrate's decision, stating with particularity the grounds for the objection, within fourteen days after the decision is filed. Juv.R. 40(E)(3)(a)-(b). The rule also provides that "[a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." Juv.R. 40(E)(3)(b).
 {¶ 26} Appellant's only objection to any of the magistrate's decisions was filed on November 20, 2000. The fourteen-day period for appellant to object to the magistrate's decision of September 5, 2000 expired on September 20, 2000, two full months before appellant's objection was filed. The time for appellant to object to the magistrate's decision of September 19, 2000 expired on October 3, 2000, nearly seven weeks before appellant's objection was filed. Based upon the plain language of Juv.R. 40(E)(3)(a)-(b), appellant is barred from assigning as error any finding of fact or conclusion of law from those decisions which was adopted by the trial court. As the grant of temporary custody, the orders for psychological evaluation, and the orders to complete anger risk assessment were contained in those decisions, these issues are not appealable to this court.
 {¶ 27} Appellant claims that he is freed from the procedural constraints of Juv.R. 40(E) because the magistrate and the court lacked authority to order temporary custody of Kortney to LCDJFS. Appellant is, quite simply, incorrect.
 {¶ 28} Pursuant to Juv.R. 40(E)(4)(a), "[t]he court may adopt the magistrate's decision if no written objections are filed unless it determines that there is an error of law or other defect on the face of the magistrate's decision." An identical provision in Civ.R. 53(E)(4)(a) has been interpreted to provide that an appeal is proper, regardless of a party's failure to file objections within the required period if there is an error of law or other defect on the face of the magistrate's decision. Ok Pun Seo v. Austintown Twp. (1998), 131 Ohio App.3d 521,525; Group One Realty, Inc. v. Dixie International Co. (1998),125 Ohio App.3d 767. Such an error is "one that amounts to an `apparent error.'" Group One, supra, at 769.
 {¶ 29} Appellant asserts that the trial court lacked the authority to grant temporary custody to LCDJFS. Appellant claims that this constitutes apparent error on the face of the magistrate's decision. Appellant's argument is based upon an obvious misinterpretation of the Ohio Revised Code, and is incorrect.
 {¶ 30} At the September 5, 2000 hearing, Kortney pleaded true to the charge that she was an unruly child. The magistrate accepted Kortney's plea and found her to be an unruly child. R.C. 2151.354(A), the section governing the disposition of a child adjudicated unruly clearly provides that:
 {¶ 31} "[I]f the child is adjudicated an unruly child, the court may:
 {¶ 32} "(1) Make any of the dispositions authorized under section2151.353 [2151.35.3] of the Revised Code; (Emphasis added,)
 {¶ 33} "(2) Place the child on community control under any sanctions, services, and conditions that the court prescribes ***;
 {¶ 34} "(3) Suspend or revoke the driver's license, probationary driver's license, or temporary instruction permit issued to the child and suspend or revoke the registration of all motor vehicles registered in the name of the child ***.
 {¶ 35} "(4) Commit the child to the temporary or permanent custody of the court;
 {¶ 36} "(5) Make any further disposition the court finds proper that is consistent with sections 2151.312 [2151.31.2] and 2151.56
to 2151.61 of the Revised Code;
 {¶ 37} "(6) If, after making a disposition under division (A)(1), (2), or (3) of this section, the court finds upon further hearing that the child is not amenable to treatment or rehabilitation under that disposition, make a disposition otherwise authorized under divisions (A)(1), (3), (4), and (7) of section 2152.19 of the Revised Code that is consistent with sections 2151.312 [2151.31.2] and 2151.56 to 2151.61 of the Revised Code."
 {¶ 38} R.C. 2151.354(A)(1) clearly allows the court to make any disposition authorized under R.C. 2151.353, the section governing the disposition of children adjudicated abused, neglected or dependent. One of the dispositions authorized in R.C. 2151.353 permits the court to: "[c]ommit the child to the temporary custody of a public childrenservices agency, a private child placing agency, either parent, a relative residing within or outside the state, or a probation officer for placement in a certified foster home or in any other home approved by the court[.]" (Emphasis added.). R.C. 2151.353(A)(2). Thus, the court clearly had the authority, once it adjudicated Kortney to be an unruly child, to award temporary custody to LCDJFS, a public children services agency.
 {¶ 39} Appellant argues that R.C. 2151.354 requires that, if the court intends to make one of the dispositions listed in R.C. 2151.353, it must find that the child is not only unruly, but also that she is abused, neglected, or dependent as well. This assertion is, once again, absolutely incorrect.
 {¶ 40} Just as clearly as R.C. 2151.354(A)(1) permits the court to make any dispositions authorized under R.C. 2151.353, it does not require the court to make any additional findings before making any of the R.C.2151.353 dispositions. Thus, under the plain language of R.C.2151.354(A)(1), a court may, in the case of a child adjudicated unruly, make any of the dispositions listed in R.C. 2151.353 without first making a finding that the child was also abused, neglected or dependent. Any reading of the statutes that claims that the court must make these additional findings is in direct conflict with the plain language of the statutes themselves.
 {¶ 41} Thus, finding no error on the face of the magistrate's September 5, 2000 decision, we conclude that appellant is subject to the timing requirements of Juv.R. 40, and appellant failed to preserve his appeal of these issues by failing to file timely objections to the magistrate's decision before the trial court.
 {¶ 42} Appellant's first assignment of error is without merit.
 {¶ 43} In appellant's second and third assignments of error, he argues that the trial court erred by awarding temporary custody to LCDJFS. Because the issue of the court's grant of temporary custody is not properly before this court on appeal due to appellant's failure to comply with Juv.R. 40(E), we will not consider appellant's second and third assignments of error.
 {¶ 44} In appellant's fourth assignment of error, he argues that the trial court erred by failing to consider his motion to terminate temporary custody or in the alternative to hold an adjudicatory hearing on the issue of child abuse.
 {¶ 45} Appellant's motion requesting the court to terminate temporary custody was filed on October 23, 2000. On November 3, 2000, only eleven days after appellant's motion, the magistrate terminated the temporary custody. Once temporary custody was terminated at the November 3 hearing, appellant's motion to terminate the temporary custody was rendered moot.
 {¶ 46} Appellant argues that the issue is not moot because he is obligated to pay for the care Kortney received while in the temporary custody of LCDJFS. The fact that appellant may be required to pay for Kortney's care does not, however, prevent the question of whether the court should have had a hearing on his motion to terminate temporary custody from being moot.
 {¶ 47} Under R.C. 2151.35(B)(3) and R.C. 2151.36, the court must issue an order requiring that the child's parent pay for the care given to the child. Had the court scheduled a separate hearing on appellant's motion, appellant would still be obligated to pay for the care Kortney received while in the temporary custody of LCDJFS. Thus, appellant's motion was moot, regardless of any amount he owes to LCDJFS.
 {¶ 48} Appellant argues that the trial court should, nevertheless, have held a hearing on his motion based upon R.C.2151.417(A). Once again, appellant utterly misrepresents the law to this court. R.C. 2151.417 states that:
 {¶ 49} "[a]ny court that issues a dispositional order pursuant to section 2151.353, [2151.35.3], 2151.414 [2151.41.4], or 2151.415
[2151.41.5] of the Revised Code may review at any time the child's placement or custody arrangement ***." (Emphasis added.).
 {¶ 50} As we made clear in appellant's first assignment of error, the magistrate granted and the trial court approved temporary custody of Kortney to LCDJFS pursuant to R.C. 2151.354, after she pleaded true to the charge that she was an unruly child, and was adjudicated to be an unruly child. Despite appellant's argument that temporary custody of Kortney was awarded to LCDJFS because of her allegations of child abuse, he was never charged with child abuse and Kortney was never alleged to be an abused child. Because the magistrate's disposition was not made pursuant to R.C. 2151.353, R.C. 2151.417, by its express terms, does not apply.
 {¶ 51} Appellant's fourth assignment of error is without merit.
 {¶ 52} For the foregoing reasons, the judgment of the Lake County Court of Common Pleas, Juvenile Division, is hereby affirmed.
Judgment affirmed.
DIANE V. GRENDELL, J., concurs.