OPINION
{¶ 1} Defendant-Appellant, Deangelo Harper, appeals the October 13, 2005, judgment of the Allen County Court of Common Pleas, convicting and sentencing him for drug trafficking and the attempted intimidation of a witness. On appeal, Harper asserts that he was sentenced under statutes which are unconstitutional, mandating reversal and remand for re-sentencing. Finding that attempted intimidation of a witness under R.C. 2921.04(B) and R.C. 2923.02 is not a cognizable crime in Ohio, we vacate Harper's plea and conviction.
 {¶ 2} In July of 2005, the Allen County Grand Jury indicted Harper on two counts of trafficking in crack cocaine in violation of R.C.2925.03(A),(C)(4)(b), felonies of the fourth degree; one count of trafficking in crack cocaine in violation of R.C. 2925.03(A),(C)(4)(a), a felony of the fifth degree; and, one count of intimidation of a witness in violation of R.C. 2921.04(B), a felony of the third degree. Subsequently, Harper pled not guilty to all four counts of the indictment.
 {¶ 3} At a change of plea hearing in September of 2005, Harper withdrew his not guilty plea and entered a negotiated plea of guilty to three counts of trafficking in crack cocaine in violation of R.C.2925.03(A),(C)(4)(a), felonies of the fifth degree, and one count of attempted intimidation of a witness in violation of R.C. 2923.02 and R.C. 2921.04(B), a felony of the fourth degree.
 {¶ 4} In October of 2005, the trial court held a sentencing hearing and sentenced Harper to nine months of imprisonment for each of the trafficking counts and to seventeen months of imprisonment for the attempted intimidation count. The trial court determined that the sentences were to be served consecutively, for an aggregate of forty-four months of imprisonment. Harper was also subject to a period of up to three years of post release control and was ordered to pay restitution in the amount of one-hundred dollars to the Allen County Sheriff's Department, as well as restitution for reasonable and ordinary medical expenses to the victim witness.
 {¶ 5} In November of 2005, Harper filed a notice of appeal of his sentence and moved for appointment of new counsel for purposes of the appeal. On November 17, 2005, the trial court granted Harper's motion for new counsel and appointed counsel for this appeal.
 {¶ 6} In January of 2006, Harper's counsel filed an Anders Brief seeking leave to withdraw representation due to the lack of credible arguments to present for review. On June 21, 2006, this Court denied the motion for leave to withdraw representation. Harper's November 2005 appeal is now before this Court, in which, he presents the following assignment of error for our review.
 THE APPELLANT WAS SENTENCED UNDER STATUTES WHICH UNCONSTITUTIONAL, ARE MANDATING REVERSAL AND REMANDING FOR RE-SENTENCING.
 {¶ 7} In his sole assignment of error, Harper contends that the trial court's determination that his sentence be served consecutively, as well as its imposition of more than the minimum term of imprisonment, was based upon unconstitutional statutes. Specifically, Harper asserts that the Ohio Supreme Court's ruling in Foster requires that his sentence be vacated and the case be remanded for a new sentencing hearing.
 {¶ 8} Before addressing the merits of Harper's assignment of error, we sua sponte raised the issue of whether Harper could lawfully plead guilty to attempted intimidation of a witness. We then allowed additional briefing on this issue by the parties.
 {¶ 9} As noted above, Harper was originally indicted for two counts of trafficking in crack cocaine in violation of R.C. 2925.03(A),(C)(4)(b), felonies of the fourth degree; one count of trafficking in crack cocaine in violation of R.C. 2925.03(A),(C)(4)(a), a felony of the fifth degree; and one count of intimidation of a witness in violation of R.C.2921.04(B), a felony of the third degree. As part of Harper's plea bargain, the State reduced both of the fourth degree felony trafficking counts to fifth degree felony trafficking counts. The State also amended the indictment to add the general attempt statute, R.C. 2923.02, to the intimidation of a witness count in order to reduce the count to attempted intimidation of a witness.
 {¶ 10} The attempt statute makes it unlawful for a person to purposely or knowingly "engage in conduct that, if successful, would constitute or result in [an] offense." R.C. 2923.02(A). An attempt to commit an offense other than aggravated murder, murder, an offense punishable by life imprisonment, or a drug offense, is "an offense of the next lesser degree than the offense attempted." R.C. 2923.02(E). Thus, the State's amendment of the intimidation count to an attempted intimidation count resulted in Harper's conviction and sentencing for a fourth degree felony rather than a third degree felony.
 {¶ 11} However, a review of the intimidation of a witness statute indicates that the State erred by amending the indictment to include the attempt statute. Intimidation of a witness is proscribed under R.C.2921.04(B), which provides:
 No person, knowingly and by force or by unlawful threat of harm to any person or property, shall attempt to influence, intimidate, or hinder * * * [a] witness involved in a criminal action or proceeding in the discharge of the duties of the * * * witness.
Clearly, intimidation under R.C. 2921.04(B) is an offense which itself prohibits an attempt. Rather than constituting a separate and distinct offense, attempted intimidation is incorporated into the intimidation statute itself. Thus, a violation of R.C. 2921.04(B) cannot serve as a predicate crime for the general attempt statute. See, e.g., State v.Still (1994), 11th Dist. No. 93-L-195, 1994 WL 721792 (vacating conviction because robbery statute includes attempt and therefore robbery could not be predicate crime for attempt statute); State v.Mramor (1986), 8th Dist. No. 50976, 1986 WL 11516 (attempted robbery is not a separate and distinct offense because attempt is incorporated in robbery statute); State v. Phillips (1998), 6th Dist. No. L-97-1217,1998 WL 290233 (vacating guilty plea and conviction because felonious assault statute includes attempt and therefore felonious assault could not be predicate crime for attempt statute).
 {¶ 12} Moreover, this conclusion adheres to the Committee Comment to the attempt statute, R.C. 2923.02:
 This section is a general attempt statute which consolidates several specific attempt provisions in former law, and, with three exceptions, establishes an attempt to commit any offense as an offense in itself. The exceptions are an attempt to commit conspiracy, an attempt to commit a minor misdemeanor, and an attempt to commit any offense which in itself is defined as an attempt — in these cases, attempt is not an offense.
Phillips, 1998 WL 290233, emphasis in original.
 {¶ 13} Here, the State's coupling of R.C. 2923.02 with R.C. 2921.04(B) in Harper's plea agreement resulted in his pleading guilty to an attempt to attempt to intimidate, which is not a cognizable crime under Ohio's statutory scheme. See, e.g., Seo v. Austintown Twp. (1998),131 Ohio App.3d 521, 528 ("To permit `attempted soliciting' would make it a crime to attempt to attempt to engage in the offense of prostitution.");Phillips, 1998 WL 290233 ("Appellant therefore entered a guilty plea to attempting to commit an offense which itself prohibits attempt."). In making similar findings with respect to statutes that incorporate attempt, the Sixth, Seventh, and Eleventh Districts vacated the defendant's conviction and remanded for further proceedings. See, respectively, Phillips, 1998 WL 290233 (vacating plea and conviction for attempted felonious assault); Seo, 131 Ohio App.3d 521 (vacating conviction for attempted solicitation); Still, 1994 WL 721792 (vacating conviction for attempted robbery).[1] Thus, we find that the offense of attempted intimidation as styled in the plea agreement is not a crime under Ohio's statutory scheme and vacate Harper's plea and conviction in their entirety.
 {¶ 14} Based on the foregoing, Harper's assignment of error is rendered moot. Accordingly, we decline to address it. See App.R. 12(c).
 {¶ 15} Having found error prejudicial to the Appellant herein, in the particulars assigned and argued, we vacate Appellant's guilty plea and conviction and remand to the trial court for further proceedings consistent with this opinion.
Judgment vacated and cause remanded.
 SHAW, J., concurs.
 BRYANT, P.J., concurs in part and dissents in part.
[1] But compare the Eighth District's opinions in Mramor, supra, andState v. Guillem (1999), 8th Dist. No. 75995, 1999 WL 1087482, affirming denials of motions to withdraw guilty pleas for attempted robbery and attempted felonious assault, respectively, because the defendants benefited from a plea to a lesser degree felony.