JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Lorraine McCornell apeals from her conviction after the trial court found her guilty of committing "attempted" assault.
 {¶ 2} McCornell presents one assignment of error, in which she argues that her conviction is not supported by sufficient evidence. Specifically, she contends the state failed to prove the victim sustained physical harm.
 {¶ 3} Upon a review of the record, this court finds plain error occurred when McCornell was convicted of "attempted" assault. Therefore, her conviction is vacated, and this case is remanded for further proceedings.
 {¶ 4} The testimony of the state's witnesses indicated that McCornell had been employed by a home health care agency for a few years as an aide. In March, 2007, her employer placed her in the home of Marie Simmons, a seventy-eight year-old woman.
 {¶ 5} Simmons lived by herself, but a series of "strokes" had resulted in disabilities that restricted her activity. The restriction caused Simmons some frustration. She could not ambulate without the assistance of a walker, and could neither cook for herself nor clean her apartment; Simmons also needed help with her personal hygiene.
 {¶ 6} Simmons's daughter, Alice Brown, monitored her mother's well-being by telephoning every day. On April 26, 2007, as was her habit in the morning, Brown called from work, and McCornell answered. McCornell *Page 4 
informed Brown that Simmons threw the television's remote control at her. McCornell told Brown that "she was going to protect herself."
 {¶ 7} The statement alarmed Brown. Brown advised McCornell not to "touch" her mother, but to leave the apartment. Upon terminating the connection, Brown immediately called her own daughter, Vanessa Bounds. Bounds lived close to Simmons's apartment, so Brown asked her daughter "to go over there."
 {¶ 8} While Brown waited for her daughter to check on the situation, she called Simmons's apartment again. This time, when McCornell answered the telephone, Brown heard her mother "in the background screaming." Brown heard, "Help me. Help me. She sprayed something in my eyes."
 {¶ 9} Euclid police officer Jeff Cutwright was on patrol that morning and responded when he received a call of a "disturbance" at Simmons's apartment. Upon his arrival, McCornell answered the door; beyond her, Cutwright saw Simmons "in distress." Simmons's eyes were closed and she was "whimpering and crying"; from his observation, she "seemed like she was in like a lot of pain."
 {¶ 10} Cutwright asked McCornell what had happened, and McCornell "said she felt threatened, and so she pepper sprayed *** Simmons." Since Cutwright "could smell the pepper spraying a little bit in the air" of the apartment, he asked McCornell why she did not seek some other type of *Page 5 
assistance. McCornell acknowledged that she "should have went and got somebody."
 {¶ 11} That same morning, McCornell also admitted to her office manager that she "had pepper sprayed" Simmons. McCornell justified her action by asserting that "Simmons was attacking her" by "throwing things at her."
 {¶ 12} Simmons received medical treatment after telling the hospital emergency room personnel that her "home health care person sprayed mace in her eyes." Each eye was "flushed," and she was provided with pain medication.
 {¶ 13} McCornell subsequently was indicted on two counts, viz., felonious assault and assault. She signed a jury waiver and her case proceeded to a bench trial. After the state presented its evidence, the court denied McCornell's motion for acquittal. McCornell elected to present no evidence.
 {¶ 14} At the conclusion of trial, the court stated McCornell was "found guilty of attempted assault, Revised Code 2923.02, 2903.13(A), a felony of the fifth degree." Despite the court's nonspecificity with respect to the indicted charges, McCornell accepted this finding without objection.
 {¶ 15} In its ensuing journal entry, the court clarified the finding it made on the record by indicating McCornell was found "not guilty of felonious assault 2903.11(A)(1) as charged in count(s) 1 of the indictment," but "guilty of *Page 6 
attempted, assault 2923.02/2903.13(A)" on count two. McCornell received a sentence of four years of community control sanctions.
 {¶ 16} McCornell challenges her conviction with the following assignment of error:
 "The trial court erred in denying appellant's Criminal Rule 29 motion for acquittal when there was insufficient evidence to prove the elements of assault [sic]."
 {¶ 17} Despite acknowledging that she was convicted of only an "attempt" pursuant to R.C. 2923.02(A), McCornell argues that her conviction is improper by asserting it should be reversed because the state failed to establish that she caused "physical harm" to Simmons as required by R.C. 2903.13(A).
 {¶ 18} Prior to considering McCornell's assertion, this court finds it necessary first to address the fact that the trial court found her guilty of "attempted" assault. McCornell does not raise any specific challenge to such a conviction, nor did she in the trial court. However, the Third District Court of Appeals has determined that such a crime "is not a cognizable crime under Ohio's statutory scheme." State v.Harper, Allen App. No. 1-05-79, 2007-Ohio-109, ¶ 13.
 {¶ 19} The Third District reached its determination by noting that the underlying offense for which Harper had been indicted, viz., intimidation of a *Page 7 
witness, was "an offense which itself prohibits an attempt"; thus, it could not serve as a "predicate" crime for the general attempt statute. Id., ¶ 11. The issue had not been raised by the appellant, indeed, he had entered a guilty plea to the crime, but, nevertheless, the court decided that the proper disposition of Harper's appeal of thesentence imposed for such a conviction was to vacate the conviction itself. Id., ¶ 15.
 {¶ 20} In reaching its decision, the Harper court, in footnote one, allowed that this court had arrived at a different conclusion in two cases in which the appellant had entered a plea to such an offense, but subsequently sought to withdraw their pleas.
 {¶ 21} This court determined in both State v. Mramor (Oct. 2, 1986), Cuyahoga App. No. 50976 and State v. Guillem (Dec. 2, 1999), Cuyahoga App. No. 79995, that the appellants, in entering their pleas to what they believed to be "lesser included offenses" to the ones for which they were indicted, thereby benefitted from the error, despite their convictions for crimes that were not cognizable at law. Since appellants Mramor and Guillem each received a lesser sentence by entering a plea to an "attempt" to commit the predicate offense, they could not demonstrate the "manifest injustice" required for a successful motion filed pursuant to Crim. R. 32.1. *Page 8 
 {¶ 22} This case, however, like Harper, involves a direct appeal from the judgment of conviction. Under such circumstances, this court is required to determine whether McCornell's conviction for "attempted assault" constitutes plain error. See, e.g., State v. Warren, Mahoning App. No. 05 MA 91, 2006-Ohio-1281, ¶ 62.
 {¶ 23} Plain error, according to Crim. R. 52(B), is a defect that affects the defendant's "substantial rights." Similarly, App. R. 12(B), states in pertinent part that "[w]hen the court of appeals determines that the trial court committed error prejudicial to the appellant and that the appellant is entitled to have judgment *** rendered in his favor as a matter of law, the court of appeals shall reverse the judgment ***."
 {¶ 24} R.C. 2903.13(A) proscribes a person from "knowingly caus[ing] or attempt[ing] to cause physical harm to another ***." Clearly, assault is "an offense which itself prohibits an attempt." Harper, supra, ¶ 11.
 {¶ 25} The "attempt" statute, R.C. 2923.02(A), for its part, forbids a person from knowingly engaging in conduct that, if successful, wouldconstitute an offense. According to the legislative Committee Comment to R.C. 2923.02, this statute "with three exceptions, establishes an attempt to commit any offense as an offense in itself." (Emphasis added.) The legislative committee noted that one of theexceptions is "an attempt to commit any offense which in itself is *Page 9 
defined as an attempt-in these cases, an attempt is not anoffense." (Emphasis added.)
 {¶ 26} Other Ohio district courts of appeals have considered the propriety of a conviction that falls under one of the exceptions listed in the committee comment to R.C. 2923.02. Generally, when a defendant has instituted a direct appeal after being convicted of a crime that is not cognizable at law, that conviction is vacated. Harper, supra;State v. Still (Dec. 9, 1994), Lake App. No. 93-L-195; State v.Phillips (May 8, 1998), Lucas App. No. L-97-1217.
 {¶ 27} In the context of considering McCornell's appeal of the propriety of her conviction, this court further deems it noteworthy that, at the conclusion of trial in this case, the trial court failed to specifically inform McCornell of its findings with respect to each count of the indictment.
 {¶ 28} Crim. R. 31(A) requires a verdict to be returned "in open court"; presumably, in a bench trial, this entitles the defendant personally to be informed of the court's decision on each count. See, e.g., State v. Baker, 119 Ohio St.3d 197, 2008-Ohio-3330. The record of this case demonstrates that in pronouncing McCornell guilty of "attempted" assault, the trial court made no reference to the indictment. Only the journal entry indicated the court's decision as to each count. *Page 10 
 {¶ 29} Based upon the entire record, therefore, the trial court's decision affected McCornell's "substantial rights." In finding her guilty of an offense which is not cognizable at law, the trial court committed plain error. Crim. R. 52(B); cf., State v. Andrews,171 Ohio App.3d 332, 2007-Ohio-2013.
 {¶ 30} Since the facts presented are thus similar to the ones presented in Harper, McCornell's assignment of error is sustained, albeit for a different reason than the one she presents.
 {¶ 31} McCornell's conviction is vacated, and this case is remanded to the trial court for further proceedings.
It is ordered that appellant recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MARY EILEEN KILBANE, J., and FRANK D. CELEBREZZE, JR., J., CONCUR *Page 1