[Cite as *State v. Jain*, 2010-Ohio-1712.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## AUGLAIZE COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                     CASE NO.  2-09-25

    v.

ABHISHEK JAIN,                            O P I N I O N

    DEFENDANT-APPELLANT.

**Appeal from Auglaize County Common Pleas Court**
**Trial Court No. 2003-CR-110**

**Judgment Affirmed**

**Date of Decision:   April 19, 2010**

APPEARANCES:

    *Dean Boland*  for Appellant

    *Edwin A. Pierce*  for Appellee

**SHAW, J.**

{¶1} Defendant-appellant, Abhishek Jain, appeals the August 20, 2009 judgment of the Common Pleas Court of Auglaize County, Ohio, denying his motion to withdraw his guilty plea.

{¶2} The record in this case reveals the facts relevant to this appeal are as follows. On September 5, 2003, Jain was indicted by the Auglaize County Grand Jury on one count of importuning in violation of R.C. 2907.07(E)(2), a fifth degree felony. Initially, Jain pled not guilty to the offense. However, on November 18, 2003, Jain and the State of Ohio entered into a negotiated plea agreement. Pursuant to the plea agreement, the State of Ohio amended the sole count in the indictment to attempted importuning in violation of R.C. 2923.02(A) and R.C. 2907.07(E)(2), reducing the offense to a misdemeanor of the first degree. Jain then withdrew his previously tendered plea of not guilty to that of guilty as to the amended count. The trial court accepted Jain's change of plea, which it journalized on November 20, 2003. On January 6, 2004, Jain was classified under the law in effect at the time as a sexually oriented offender and notified of his registration requirements. He was also sentenced to, inter alia, six months of incarceration in the local jail, which was suspended on the condition that he abide by the terms of a three-year term of probation. On September 30, 2005, the court terminated Jain's probation supervision.

**{¶3}** On April 13, 2009, Jain filed a motion to withdraw his plea and requested a hearing on the matter. He filed a supplement to this motion on May 4, 2009, which included his personal affidavit. On May 19, 2009, Jain filed a supplement to his motion to withdraw his plea, withdrawing one of his arguments in support of his motion to withdraw his plea regarding the court's failure to properly advise him of the potential effect of his plea on his immigration status.

**{¶4}** According to the affidavits filed by Jain, a citizen of India who was here on a student visa, he was being detained out-of-state by the federal Immigration and Customs Enforcement ("ICE") for possible deportation at the time he filed his motion to withdraw his guilty plea. Therefore, he filed a motion asking the trial court to order the federal government to transport him to his hearing on his motion to withdraw his plea. The trial court denied this request, stating that it was unaware of any authority it had under the Supremacy Clause of the United States Constitution to order the federal government to transport a person who was being detained by the federal government. Jain then requested that the court permit him to appear at this hearing via video conference. The court also denied this motion, citing concerns regarding jurisdiction over potential perjury and noting that Jain provided no citations to authority for such attendance.

{¶5} On July 24, 2009, Jain filed a second motion to withdraw his guilty plea.[1] A hearing on this motion was scheduled for August 19, 2009. On that date, counsel for Jain filed a document, bearing Jain's signature, which stated that Jain waived any right he had to be present at the hearing because he was being detained by the ICE in a facility in Mount Vernon, Illinois, and also authorized his counsel to proceed on his behalf at the hearing on his motion to withdraw his plea in his absence. The following day, the trial court filed its ruling on Jain's motion to withdraw his plea.[2] The court found that Jain had failed to sustain his burden of proof in attempting to withdraw his guilty plea pursuant to Crim.R. 32.1, specifically having failed to demonstrate that the offense to which he pled guilty was not a cognizable offense as he alleged in his motion and/or that he was provided with ineffective assistance of legal counsel at the time of his plea. Therefore, the court denied Jain's motion. This appeal followed, and Jain now asserts four assignments of error.

### ASSIGNMENT OF ERROR I

**THE TRIAL COURT COMMITTED AN ERROR OF LAW WHEN IT DID NOT GRANT MR. JAIN'S MOTION TO WITHDRAW HIS GUILTY PLEA AS HE PLEAD GUILTY TO AN ACT WHICH IS NOT A COGNIZABLE OFFENSE.**

---

[1] In this second motion, Jain states that the trial court dismissed his original motion to withdraw his guilty plea. However, the record is devoid of any entry reflecting a dismissal of this motion by the trial court.
[2] Presumably, a hearing on this matter was held on August 19, 2009. The record before this Court contains a stenographer's bill in this case for that date. In addition, the brief of the appellee, the State of Ohio, states that a hearing on this motion was held on August 19, 2009. However, a transcript of that proceeding was not provided to this Court, and the court's judgment on this motion does not reference a hearing date.

## ASSIGNMENT OF ERROR II

**THE TRIAL COURT COMMITTED AN ERROR OF LAW WHEN IT DID NOT GRANT MR. JAIN'S MOTION TO WITHDRAW HIS GUILTY PLEA DESPITE NOT HAVING VIOLATED R.C. 2907.07.**

## ASSIGNMENT OF ERROR III

**THE TRIAL COURT COMMITTED AN ERROR OF LAW WHEN IT DID NOT GRANT MR. JAIN'S MOTION TO WITHDRAW HIS GUILTY PLEA BECAUSE HE RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL REGARDING HIS ADVICE TO PLEAD GUILTY IN THIS MATTER.**

## ASSIGNMENT OF ERROR IV

**THE TRIAL COURT COMMITTED AN ERROR OF LAW WHEN IT FAILED TO GRANT MR. JAIN'S MOTION TO WITHDRAW HIS GUILTY PLEA BECAUSE HE RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL REGARDING HIS ADVICE TO PLEAD GUILTY IN THIS MATTER AS MR. JAIN WAS ENTRAPPED.**

*Requirements of Criminal Rule 32.1*

{¶6} Each of Jain's four assignments of error challenges the trial court's decision to overrule his motion to withdraw his guilty plea. An appellate court will not disturb a trial court's denial of a motion to withdraw a guilty plea absent an abuse of discretion. *State v. Nathan* (1995), 99 Ohio App.3d 722, 725, 651 N.E.2d 1044, citing *State v. Smith* (1977), 49 Ohio St.2d 261, 361 N.E.2d 1324. Abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore*

*v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. Thus, a reviewing court may not simply substitute its judgment for that of the trial court but must afford deference to the trial court's decision. *Id.*

{¶7} Criminal Rule 32.1 states: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." A motion to withdraw a plea filed after a defendant is sentenced will be granted only to correct a manifest injustice with the burden of establishing the existence of a manifest injustice being placed upon the individual seeking vacation of the plea. Crim.R. 32.1; *Smith*, 49 Ohio St.2d at 264, 361 N.E.2d 1324. A manifest injustice is an exceptional defect in the plea proceedings, *State v. Vogelsong*, 3rd Dist. No. 5-06-60, 2007-Ohio-4935, ¶ 12, or a "'clear or openly unjust act,'" *State v. Walling*, 3rd Dist. No. 17-04-12, 2005-Ohio-428, ¶ 6, quoting *State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 208, 699 N.E.2d 83, 1998-Ohio-271. "Accordingly, a post-sentence motion to withdraw a guilty plea is only granted in 'extraordinary cases.'" *State v. Driskill*, 3rd Dist. Nos. 10-08-10, 10-08-11, 2009-Ohio-2100, ¶ 32, quoting *Smith*, supra.

*First Assignment of Error*

**{¶8}** In his first assignment of error, Jain maintains that the trial court erred in denying his motion to withdraw his plea because the offense to which he pled guilty, attempted importuning, was not a cognizable offense. More specifically, Jain asserts that the offense of importuning is completed when the offender asks the underage person, or in his case, a law enforcement officer posing as an underage person, to engage in sexual activity and that one cannot attempt to ask a question. Thus, he contends that committing the offense of attempted importuning is legally impossible, similar to our decision in *State v. Harper*, 3rd Dist. No. 1-05-79, 2007-Ohio-109.

**{¶9}** The attempt statute makes it unlawful for a person to purposely or knowingly "engage in conduct that, if successful, would constitute or result in [an] offense." R.C. 2923.02(A). As we noted in *Harper*, the Committee Comment to the attempt statute states:

> **This section is a general attempt statute which consolidates several specific attempt provisions in former law, and, with three exceptions, establishes an attempt to commit any offense as an offense in itself. The exceptions are an attempt to commit conspiracy, an attempt to commit a minor misdemeanor, and *an attempt to commit any offense which in itself is defined as an attempt-in these cases, attempt is not an offense.***

*Harper*, 2007-Ohio-109, at ¶ 12, citing *State v. Phillips* (1998), 6th Dist. No. L-97-1217, 1998 WL 290233 (vacating guilty plea and conviction because felonious

assault statute includes attempt and therefore felonious assault could not be predicate crime for attempt statute) (emphasis in original.)

{¶10} In *Harper*, the defendant was charged with intimidation of a witness in violation of R.C. 2921.04(B), a felony of the third degree, but negotiated with the State to plead guilty to attempted intimidation of a witness, reducing the degree of felony to that of a fourth degree felony. *Harper*, 2007-Ohio-109, at ¶¶ 9-10. However, the statute that Harper was charged with violating contained the following language: "No person, knowingly and by force or by unlawful threat of harm to any person or property, shall attempt to influence, intimidate, or hinder * * * [a] witness involved in a criminal action or proceeding in the discharge of the duties of the * * * witness." R.C. 2921.04(B). Thus, we found that the "coupling of R.C. 2923.02 with R.C. 2921.04(B) in Harper's plea agreement resulted in his pleading guilty to an attempt to attempt to intimidate, which is not a cognizable crime under Ohio's statutory scheme[,]" and we vacated his plea and conviction in their entirety. *Id.* at ¶ 13. (citations omitted.)

{¶11} In the case sub judice, Jain was charged with importuning, a felony of the fifth degree. The relevant portion of the statute with which Jain was charged provides:

> **No person shall solicit another by means of a telecommunications device * * * to engage in sexual activity with the offender when the offender is eighteen years of age or older and * * * (2) The other person is a law enforcement officer**

> **posing as a person who is thirteen years of age or older but less than sixteen years of age * * * and the offender is four or more years older than the age the law enforcement officer assumes in posing as the person who is thirteen years of age or older but less than sixteen years of age.**

R.C. 2907.07(E)(2). Unlike the statute at issue in *Harper*, this statute does not, in and of itself, prohibit an attempt to solicit another. Therefore, R.C. 2923.02(A) allows the establishment of attempted importuning as an offense in itself. Nevertheless, Jain asserts that the term "solicit" as used in this statute means "to ask." Thus, he maintains that, similar to the amended offense at issue in *Harper*, no cognizable crime exists for *attempting* to ask because such activity can occur solely in one's mind and the State cannot criminalize one's mere thoughts.

{¶12} However, solicit does not simply mean to ask. It "means to seek, to ask, to influence, to invite, to tempt, to lead on, to bring pressure to bear." *State v. Skatzes*, 104 Ohio St.3d 195, 819 N.E.2d 215, 2004-Ohio-6391, at ¶ 68, citing 4 Ohio Jury Instructions (2001) 573, Section 523.03(6) (this same language was incorporated into the 2009 revision of the Ohio Jury Instructions, see CR 523.03(6)). A person can attempt to influence another to engage in sexual activity, attempt to tempt another to engage in sexual activity, attempt to lead on another, and attempt to bring pressure to bear on another. Whether the person is successful in his attempts is another question, but one can most certainly try rather than merely think about it. Given the much broader definition of solicit than the one

verb upon which Jain relies, we find that attempted importuning is a cognizable crime under Ohio's statutory scheme.[3] Accordingly, Jain's first assignment of error is overruled.

*Second Assignment of Error*

{¶13} Jain next asserts that the trial court erred in not allowing him to withdraw his guilty plea because he did not commit the offense of importuning. More specifically, Jain alleges that the law enforcement officer with whom he was "chatting" via the internet never purported to be a minor under the age of sixteen but over the age of thirteen during their discussions. In support of this allegation, Jain cites this Court to what he purports is a printout of the online chat he had with the officer, marked "Exhibit C" and attached to his motion to withdraw his plea, which contains no reference to the parties' respective ages.

{¶14} As previously noted, the burden to establish the existence of manifest injustice is on the defendant. *Smith*, 49 Ohio St.2d at paragraph one of the syllabus. Further, a motion made pursuant to Crim. R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility, and weight of the movant's assertions in support of the motion are matters to be resolved by that court. *Id.* at paragraph two of the syllabus.

---

[3] Jain also relies on *State v. Tarbay*, 157 Ohio App.3d 261, 810 N.E.2d 979, 2004 -Ohio-2721 in support of his argument. However, *Tarbay* involved the constitutionality of R.C. 2907.07(E)(2), and the point of law upon which Jain relies in this case is taken out of context and in no way meant to limit the term "solicit" solely to asking.

{¶15} Jain has not provided this court with a transcript of the evidentiary hearing on his motion to withdraw his plea. Therefore, we do not know if Exhibit C was admitted into evidence, if it was a complete copy of all conversations, online or otherwise, that occurred between Jain and the undercover officer, or if any other exhibits were admitted or testimony provided to the trial court at this hearing regarding Jain's knowledge of the circumstances surrounding the offense. Moreover, Jain has not provided us with the transcript of his plea hearing in order for us to examine what exactly occurred during that hearing either.

{¶16} The duty to provide a transcript for appellate review falls upon the appellant. *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 199, 400 N.E.2d 384; see, also, App.R. 16(A)(7). Where portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus has no choice but to presume the validity of the lower court's proceedings and affirm. *Knapp*, supra. Without the ability to examine what was before the trial court in reaching its decision to deny Jain's motion, we cannot find that the trial court abused in discretion in finding that Jain "acknowledged in open court that he indeed did attempt to solicit what he thought was a 14-year-old girl, who was really an adult officer, through his efforts electronically via the computer and then telephone" and that Jain failed

to meet his burden with respect to his Crim.R. 32.1 motion.  Therefore, the second assignment of error is overruled.

*Third Assignment of Error*

{¶17} In his third assignment of error, Jain contends that the trial court erred in denying his motion because he received ineffective assistance of counsel. In support of this assertion, Jain maintains that counsel did not provide him with a real understanding of the conduct that constitutes the crime under the statute.

{¶18} "In order to prevail on a post-sentence motion to vacate that alleges ineffective assistance of counsel, a defendant is required to show that (1) his counsel's performance was, in fact, deficient, and (2) there is a reasonable probability that, but for counsel's errors, the defendant would not have pleaded guilty and instead, would have insisted on going to trial." *State v. Wynn* (1998), 131 Ohio App.3d 725, 729, 723 N.E.2d 627.

{¶19} Once again, this Court does not have a transcript from any of the hearings in this case.  Therefore, we have no evidence to review in order to determine whether Jain's original counsel's performance was deficient and/or whether there was a reasonable probability that, but for these perceived errors, Jain would not have pleaded guilty.  Thus, we presume regularity in the trial court's proceedings and find that the trial court did not abuse its discretion in denying

Jain's motion to withdraw. Accordingly, the third assignment of error is overruled.

*Fourth Assignment of Error*

**{¶20}** Jain asserts in his fourth assignment of error that the trial court erred in overruling his motion to withdraw his guilty plea because he received ineffective assistance of counsel in advising him to plead to this offense when he was entrapped by law enforcement into committing the offense. However, the State maintains in its brief to this Court that Jain did not raise this issue in the trial court and is precluded from doing so for the first time on appeal.

**{¶21}** In his brief to this Court, Jain does not state that he raised and argued this issue before the trial court.[4] Further, he has failed to reference where in the record he raised this issue as required by App. R. 16(A)(3), (7). In addition, our review of Jain's motions to withdraw his guilty plea and supplements thereto reveals that the defense of entrapment was never raised as a basis for claiming ineffective assistance of counsel to support Jain's motion to withdraw. Rather, the grounds provided by Jain to support his motion to withdraw were that attempted importuning was not a cognizable offense and that defense counsel was ineffective for recommending that he plead guilty when there was no evidence regarding the

---

[4] Jain also did not file a reply brief in the case sub judice rebutting this assertion by the State.

law enforcement officer's purported age during their internet conversations, which was addressed in the second assignment of error.

{¶22} We have previously held "that a defendant may not bring up an issue for the first time on appeal." *State v. Harmon*, 3rd Dist. No. 8-04-01, 2004-Ohio-4012, ¶ 16. Thus, a defendant's failure to raise an issue before the trial court "operates as a waiver of his right to assert it for the first time on appeal." *Hypabyssal, Ltd. v. Akron Hous. Appeals Bd.* (2000), 9th Dist. No. 20000, 2000 WL 1729471, citing *State ex rel. Zollner v. Indus. Comm.*, 66 Ohio St.3d 276, 278, 611 N.E. 830, 1993-Ohio-49. See also App.R. 12(A)(2); App.R. 16(A)(7).

{¶23} Again, this Court does not have a transcript from any of the hearings in this case. As such, we have no way of knowing whether this issue was raised in the trial court at the hearing on the motion to withdraw. Accordingly, we may disregard this assignment of error pursuant to App.R. 12(A)(2). Nevertheless, even if the issue were raised in the trial court, we have no evidence to review in order to determine whether Jain's original counsel's performance was deficient and/or whether there was a reasonable probability that, but for these perceived errors, Jain would not have pleaded guilty. Thus, we presume regularity in the trial court's proceedings and overrule the fourth assignment of error.

{¶24} For these reasons, the judgment of the Common Pleas Court of Auglaize County, Ohio, is affirmed.

***Judgment Affirmed***

**PRESTON, J., concurs.**

**/jlr**

**ROGERS, J., concurring separately.**

{¶26} I concur with the majority on assignments of error numbers two, three, and four. As to assignment of error number one, I concur with the result, but not the logic. I think the majority has failed to strictly interpret the statute against the state as required by R.C. 2901.04(A). I would find that "solicit" equates with *an attempt* to influence, persuade or convince another to do an act or to engage in criminal activity.

{¶27} However, under the facts of this case I would find that the perceived *manifest injustice* is outweighed by the doctrine of finality of judgments. The Ohio Supreme Court has addressed this doctrine in civil cases.

> **A claim under Civ.R. 60(B) requires the court to carefully consider the two conflicting principles of finality and perfection. In *Knapp v. Knapp* (1986), 24 Ohio St.3d 141, 144-145, 24 OBR 362, 364, 493 N.E.2d 1353, 1356, this court declared, "[f]inality requires that there be some end to every lawsuit, thus producing certainty in the law and public confidence in the system's ability to resolve disputes. Perfection requires that every case be**

> **litigated until a perfect result is achieved. For obvious reasons, courts have typically placed finality above perfection in the hierarchy of values."** Finality is particularly compelling in a case involving determinations of parentage, visitation and support of a minor child.

*Strack v. Pelton* (1994), 70 Ohio St.3d 172, 175.

{¶28} It is reasonable that the same principle apply in criminal cases, especially when a great deal of time has passed since the alleged injustice and where the defendant knowingly accepts a negotiated plea deal to avoid a felony conviction. See *State v. Reynolds*, 79 Ohio St.3d 158, 162, 1997-Ohio-304; *State v. Pointer*, 8th Dist. No. 85195, 2005-Ohio-3587, ¶12; *State v. Hall*, 8th Dist. No. 90972, 2008-Ohio-5351, ¶13 (discussing the need for finality in criminal cases). Here, the Appellant has been satisfied with the result reached in his criminal case for five and one-half years. Now he apparently finds himself confronted with an unintended result, at least from his perspective; his immigration status is at risk. However, I note that he withdrew the argument that the trial court had failed to advise him at the time of his plea of the potential effect on his immigration status. Therefore, the Appellant was aware of the possibility of this happening and accepted that risk at the time of the plea. Had this motion come before the trial court within a more reasonable time, I might reach a different result, but, under the circumstances of this case, I find the motion to be untimely in view of the doctrine

of finality of judgments. Accordingly, I concur with the majority's disposition affirming the decision of the trial court for the foregoing reasons.

**/jlr**