[Cite as *State v. Nicholson*, 2012-Ohio-1550.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 97567

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ANTOINE NICHOLSON

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-455398

**BEFORE:** Keough, J., Sweeney, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:** April 5, 2012

**FOR APPELLANT**

Antoine Nicholson
Inmate No. 474-715
North Central Correctional Institution
P.O. Box 1812
Marion, OH 43302

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
James M. Price
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH 44113

KATHLEEN ANN KEOUGH, J.:

{¶1} Defendant-appellant, Antoine Nicholson, appeals from the trial court's denial of his "motion to vacate plea and conviction not cognizable at law."  We affirm.

## I.   Procedural Background

{¶2}   In 2004, Nicholson was indicted in a six-count indictment for three counts of felonious assault, one count of attempted murder, and two counts of domestic violence.  With the exception of the domestic violence charges, all counts contained three-year firearm specifications.  As a result of a plea deal, Nicholson pled guilty to one count of felonious assault in violation of R.C. 2903.11, a second-degree felony; one count of attempted murder in violation of R.C. 2923.02 and 2903.02, a first-degree felony; and one count of attempted felonious assault in violation of R.C. 2923.02 and 2911.03, a third-degree felony.  All counts carried three-year firearm specifications.  The remaining counts were nolled.

{¶3}   The trial court sentenced Nicholson to three years for the firearm specifications, which merged for sentencing.  This term was to run prior and consecutively to seven years for felonious assault, seven years for attempted murder, and three years for attempted felonious assault, which terms were to run consecutively to one another, for an aggregate sentence of 20 years.

{¶4}   This court affirmed Nicholson's convictions in *State v. Nicholson*, 8th Dist. No. 85635, 2005-Ohio-5687, ¶ 32 ("*Nicholson I*"), but held that the trial court erred when

it failed to make the necessary findings required to depart from the minimum sentence and impose consecutive sentences. Upon remand for resentencing, the trial court resentenced Nicholson to three years for the firearm specifications, to run prior and consecutively to seven years for felonious assault, five years for attempted murder, and three years for attempted felonious assault. All terms were to run consecutively to one another, for an aggregate sentence of 18 years in prison.

{¶5} Nicholson then filed a "Motion to Vacate Void Judgment and Order New Sentencing Hearing" on the ground that the trial court had failed to properly advise him of the repercussions that could follow a violation of postrelease control. The trial court denied Nicholson's motion. On appeal, this court found that the sentencing entry failed to advise Nicholson that he could be sentenced to an additional prison term should he violate postrelease control. *State v. Nicholson*, 8th Dist. No. 95327, 2011-Ohio-14, ¶ 13 ("*Nicholson II*"). This court again noted that "appellant's conviction is affirmed," but reversed the sentence and remanded for the limited purpose of the proper imposition of postrelease control pursuant to R.C. 2929.191. *Id.* at ¶ 14.

{¶6} Upon remand, the trial court resentenced Nicholson and advised him of the possible repercussions of violating postrelease control. Subsequently, on July 27, 2011, nearly seven years after he pled guilty, Nicholson filed a "Motion to Vacate Plea and Conviction Not Cognizable at Law," in which he argued that his plea should be vacated because he had pleaded guilty to a nonexistent offense, i.e., attempted felonious assault. The trial court denied Nicholson's motion and found that he had "failed to demonstrate

the manifest injustice required for a successful motion filed pursuant to Crim.R. 32.1."

Nicholson now appeals from the judgment entry denying his motion.

## II.   Analysis

**{¶7}**   In his first assignment of error, Nicholson contends that the trial court erred in denying his motion to vacate his plea.  Specifically, he argues that his motion was a motion to vacate his plea and conviction, not a motion to withdraw a guilty plea, and therefore the trial court erred in applying the "manifest injustice" standard of Crim.R. 32.1, regarding withdrawal of a guilty plea, to his motion to vacate.[1]

**{¶8}**   In his second assignment of error, Nicholson contends that his plea should be vacated because he pled guilty to a nonexistent crime, i.e., attempted felonious assault.  Under R.C. 2903.11, regarding felonious assault, "no person shall knowingly * * * cause or attempt to cause physical harm to another."   Nicholson contends that because R.C. 2903.11 itself prohibits an attempt, it cannot serve as a predicate offense for violation of R.C. 2923.02, the general attempt statute and, thus, he pled guilty to an offense that does not exist.  *See, e.g., State v. McCornell*, 8th Dist. No. 91400, 2009-Ohio-1245;  *State v. Harper*, 3d Dist. No. 1-05-79, 2007-Ohio-109; *State v. Phillips*, 6th Dist. No. L-97-1217, 1998 WL 290233 (May 8, 1998).   Nicholson's arguments lack merit.

**{¶9}**   First, we find that the trial court was without jurisdiction upon remand to consider Nicholson's motion.  There is no substantive difference between a "motion to

---

[1]Crim.R. 32.1 states: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendan to withdraw his or her plea."

vacate" and a "motion to withdraw" a guilty plea; in either case, the mechanism for seeking relief is set forth under Crim.R. 32.1. But, as this court recognized in *State v. Gross*, 8th Dist. No. 93819, 2010-Ohio-3727, ¶ 9:

> "Crim.R. 32.1 does not vest jurisdiction in the trial court to maintain and determine a motion to withdraw the guilty plea subsequent to an appeal and an affirmance by the appellate court." *State ex rel. Special Prosecutors v. Judges*, 55 Ohio St.2d 94, 97-98, 378 N.E.2d 162 (1978). In other words, a trial court has no authority to reverse that which a superior court has affirmed. *State v. Vild*, 8th Dist. Nos. 87742 and 87965, 2007-Ohio-987.

**{¶10}** Because this court affirmed Nicholson's convictions in *Nicholson I*, the trial court lacked jurisdiction upon remand to consider a motion to vacate the guilty plea. *See, e.g., State v. McGee*, 8th Dist. No. 82092, 2003-Ohio-1966, ¶19-22; *State v. Craddock*, 8th Dist. No. 87582, 2006-Ohio-5915, ¶ 10.

**{¶11}** Furthermore, even assuming the trial court had jurisdiction to consider the motion, any issue regarding the validity of Nicholson's plea to attempted felonious assault is barred by the doctrine of res judicata. Res judicata bars the further litigation in a criminal case of issues that were or could have been raised previously in a direct appeal. *State v. Leek*, 8th Dist. No. 74338, 2000 WL 868501 (June 21, 2000), citing *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. Nicholson could have raised the issue on direct appeal but did not do so. Accordingly, any argument regarding the validity of his plea is now barred by res judicata.

**{¶12}** The trial court did not err in denying Nicholson's "Motion to Vacate Plea and Conviction Not Cognizable at Law" and therefore, his assignments of error are overruled.

**{¶13}** Affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, JUDGE

JAMES J. SWEENEY, P.J., and
LARRY A. JONES, SR., J., CONCUR