HENSAL, Judge.
{¶ 1} David A. Duffield appeals a judgment of the Summit County Court of Common Pleas that convicted and sentenced him for felonious assault, grand theft, and obstructing official business. For the following reasons, this Court affirms.
I.
{¶ 2} According to Detective Ronald Kennedy, he and his partner responded to a request for backup from officers who were in a foot chase with Mr. Duffield. Detective Kennedy and his partner drove to the area and parked their cruiser, but later moved it to a dead end street after an officer spotted Mr. Duffield on that street. After more searching, Detective Kennedy was returning to his cruiser from the yard of a residence that was down the street from the back of the cruiser when he saw Mr. Duffield near the front of the cruiser.
*726 He pointed his firearm at Mr. Duffield, ordered him to get on the ground, and began moving toward him. Mr. Duffield, instead, ran to the passenger side door and attempted to enter the cruiser. Finding the door locked, he ran around to the driver side door. By then Detective Kennedy had reached the sidewalk, so when Mr. Duffield ran to the driver side the detective decided to cut across the road behind the rear of the cruiser.
{¶ 3} When Mr. Duffield reached the driver side door, he opened it and got in the cruiser. According to Detective Kennedy, before getting in, Mr. Duffield looked at him and made eye contact. The detective said that, at the time, he was ten feet behind the cruiser, still cutting across the road behind the rear of it. Detective Kennedy testified that the next thing he knew, the cruiser's lights came on and it began backing up toward him, so he shot at Mr. Duffield, trying to get him to stop. The detective was able to move out of the way of the cruiser, but he continued shooting at Mr. Duffield as it moved alongside him because he did not want to end up directly in front of it. One of the bullets hit Mr. Duffield in the back, causing the cruiser to go over the opposite curb and come to rest on top of a fire hydrant.
{¶ 4} The Grand Jury indicted Mr. Duffield for felonious assault, grand theft, and obstruction of official business. A jury found him guilty of the offenses. The trial court merged them for sentencing purposes and sentenced Mr. Duffield to four years imprisonment. Mr. Duffield has appealed, assigning three errors. We will consider the first two together because Mr. Duffield has argued them that way in his appellate brief.
II.
ASSIGNMENT OF ERROR I
THE EVIDENCE PRESENTED WAS INSUFFICIENT TO SUPPORT A CONVICTION FOR FELONIOUS ASSAULT.
ASSIGNMENT OF ERROR II
MR. DUFFIELD'S CONVICTION FOR FELONIOUS ASSAULT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
{¶ 5} Mr. Duffield argues that his felonious assault conviction was not supported by sufficient evidence and was against the manifest weight of the evidence. Whether a conviction is supported by sufficient evidence is a question of law, which we review de novo. State v. Thompkins , 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997). In making this determination, we must view the evidence in the light most favorable to the prosecution:
An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
State v. Jenks , 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.
{¶ 6} If a defendant asserts that a conviction is against the manifest weight of the evidence,
an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility *727 of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
State v. Otten , 33 Ohio App.3d 339, 340, 515 N.E.2d 1009 (9th Dist.1986). Weight of the evidence pertains to the greater amount of credible evidence produced in a trial to support one side over the other side. Thompkins at 387, 678 N.E.2d 541. An appellate court should only exercise its power to reverse a judgment as against the manifest weight of the evidence in exceptional cases. State v. Carson , 2013-Ohio-5785, 6 N.E.3d 649, ¶ 32, citing Otten at 340, 515 N.E.2d 1009.
{¶ 7} Revised Code Section 2903.11(A)(2) provides that "[n]o person shall knowingly * * * [c]ause or attempt to cause physical harm to another * * * by means of a deadly weapon * * *." Mr. Duffield argues that there was insufficient evidence to convict him under that section because, although the evidence may have been sufficient to establish that he acted recklessly when he drove the cruiser toward Detective Kennedy, there was no evidence that he acted knowingly. "A person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when the person is aware that such circumstances probably exist." R.C. 2901.22(B). Recognizing that establishing someone's mental state is "often difficult to prove directly," the Ohio Supreme Court has held that it can "be inferred from the surrounding circumstances." State v. Logan , 60 Ohio St.2d 126, 131, 397 N.E.2d 1345 (1979).
{¶ 8} Mr. Duffield argues that the testimony at trial demonstrates that his only goal during the chase was to escape, not to cause harm to anyone. He also argues that Detective Kennedy was in constant motion after spotting him, making it impossible for him to know where the detective was as he drove the cruiser in reverse.
{¶ 9} Detective Kennedy testified that, after Mr. Duffield opened the driver side door of the cruiser, "[h]e actually stops there, looks right back at me and jumps in the door, and then next thing I know the car is in reverse." On further questioning, the detective confirmed that Mr. Duffield made eye contact with him while he was about 10 feet behind the bumper of the cruiser.
{¶ 10} To convict Mr. Duffield of felonious assault, the State had to prove that Mr. Duffield acted knowingly, not purposefully. From Detective Kennedy's testimony it can be inferred that Mr. Duffield knew that the detective was a short distance behind the police cruiser at the time he began driving it backwards. Viewing the evidence in a light most favorable to the prosecution, we conclude that there was sufficient evidence for the jury to find that Mr. Duffield knowingly attempted to cause physical harm to Detective Kennedy by means of a deadly weapon. See R.C. 2903.11(D)(3) (acknowledging that a motor vehicle qualifies as a deadly weapon). Mr. Duffield's first assignment of error is overruled.
{¶ 11} Regarding the manifest weight of the evidence, a resident of the area testified that he saw the incident from the dead end of the street. He testified that the front of the cruiser was pointed toward him. Just before Mr. Duffield got in the cruiser, Mr. Duffield looked at him for a second and then in the direction from which Detective Kennedy was approaching. He testified that, immediately after Mr. Duffield got into the cruiser, he heard *728 the engine rev and the tires spin as if Mr. Duffield had stomped on the accelerator. He also confirmed that Detective Kennedy was directly behind the cruiser at the time it began moving, although he estimated that the detective was only one to four feet behind the cruiser instead of ten. He opined that, if the detective had not kept moving, he would have been run over.
{¶ 12} Mr. Duffield argues that, because the State failed to present any evidence that he acted knowingly, his conviction for felonious assault is also against the manifest weight of the evidence. We disagree. Not only could Mr. Duffield's state of mind be inferred from the circumstances, the area-resident's testimony corroborated Detective Kennedy's testimony that Mr. Duffield was aware that the detective was close to the back of the cruiser when he entered it and that Mr. Duffield began driving the cruiser in reverse almost immediately after entering it. Accordingly, upon review of the record, we conclude that Mr. Duffield's felonious assault conviction is not against the manifest weight of the evidence. Mr. Duffield's second assignment of error is overruled.
ASSIGNMENT OF ERROR III
THE TRIAL COURT ERRED IN DENYING MR. DUFFIELD'S REQUEST FOR A LESSER OFFENSE JURY INSTRUCTION.
{¶ 13} Mr. Duffield also argues that the trial court incorrectly denied his request for a jury instruction on attempted reckless assault. The court denied the request because it reasoned that it is impossible to attempt to cause a reckless act. "This Court reviews a trial court's decision to give or decline to give a particular jury instruction for an abuse of discretion under the facts and circumstances of the case." State v. Sanders , 9th Dist. Summit No. 24654, 2009-Ohio-5537, 2009 WL 3366307, ¶ 45.
{¶ 14} "An offense is an 'inferior degree' of the indicted offense where its elements are identical to or contained within the indicted offense, except for one or more additional mitigating elements." State v. Deem , 40 Ohio St.3d 205, 533 N.E.2d 294 (1988), paragraph two of the syllabus. Section 2903.13(B) provides that "[n]o person shall recklessly cause serious physical harm to another * * *." Because Mr. Duffield did not cause any harm to Detective Kennedy, this section is inapplicable to the facts. Mr. Duffield argues that he could have been convicted of attempting to violate the section, however, which, he asserts, would be an inferior degree of that offense and the felonious assault offense for which he was indicted.
{¶ 15} The attempt statute provides that "[n]o person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct that, if successful, would constitute or result in the offense." R.C. 2923.02(A). According to Mr. Duffield, the commentary to the bill that created Section 2923.02 indicated that, with three exceptions, an attempt to commit an offense is "an offense in itself." 1974 Committee Comment to H 511. Those exceptions are (1) "an attempt to commit conspiracy," (2) "an attempt to commit a minor misdemeanor," and (3) "an attempt to commit any offense which in itself is defined as an attempt[.]" Id.
{¶ 16} Upon review of the statutes and commentary, we conclude that Mr. Duffield was not entitled to a jury instruction on attempt to commit assault under Section 2903.13 because the third "attempt" exception applies. "One obvious requisite of [ Section 2923.02(A) ] is that a person cannot commit an attempt offense unless he or she has acted purposely or *729 knowingly." State v. Nolan , 141 Ohio St.3d 454, 2014-Ohio-4800, 25 N.E.3d 1016, ¶ 7. Once someone purposefully or knowingly attempts to commit an assault, however, Section 2903.13(A) is the applicable subsection of that statute, not Section 2903.13(B). Section 2903.13(A) provides that "[n]o person shall knowingly cause or attempt to cause physical harm to another * * *." Because Section 2903.13(A) already encompasses "an attempt to commit" assault, Section 2923.02 cannot be applied to it. See State v. McCornell , 8th Dist. Cuyahoga No. 91400, 2009-Ohio-1245, 2009 WL 712958, ¶ 25-29 (concluding that defendant could not be found guilty of attempting to violate Section 2903.13(A) ). Accordingly, the trial court exercised appropriate discretion when it denied Mr. Duffield's request for a jury instruction on attempted reckless assault. Mr. Duffield's third assignment of error is overruled.
III.
{¶ 17} Mr. Duffield's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
SCHAFER, P.J.
CALLAHAN, J.
CONCUR.