[Cite as *State v. Fletcher*, 2025-Ohio-2146.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO, :

    Plaintiff-Appellee, :

                                   No. 114230

v. :

VALENTINO FLETCHER, :

    Defendant-Appellant. :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** June 18, 2025

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-22-669201-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Tasha L. Forchione, Assistant Prosecuting Attorney, *for appellee.*

Kimberly Kendall Corral and Gabrielle M. Ploplis, *for appellant.*

EILEEN A. GALLAGHER, A.J.:

{¶ 1} Defendant-appellant Valentino Fletcher ("Fletcher") appeals the trial court's decision denying his postsentence motion to withdraw his guilty plea. For the reasons that follow, we affirm the trial court's judgment.

**PROCEDURAL AND FACTUAL HISTORY**

{¶ 2} On May 30, 2022, after a seven-week undercover narcotics operation conducted by several law enforcement agencies, Fletcher was charged in a 45-count indictment that consisted of 25 counts of drug trafficking, 17 counts of drug possession, two counts of possessing criminal tools and one count of tampering with evidence. Each of the drug trafficking and drug possession counts included forfeiture specifications.

{¶ 3} On February 8, 2023 Fletcher pled guilty to ten counts including five counts of drug trafficking, fifth-degree felonies; three counts of drug trafficking, fourth-degree felonies; one count of drug trafficking, a second-degree felony and one count of tampering with evidence, a third-degree felony. All remaining counts were dismissed.

{¶ 4} Count 1 was subject to a mandatory prison term and the Reagan Tokes Law. The parties indicated to the court at the plea hearing that, as part of the plea agreement, they recommended that Count 1 merge into all of other counts for the purpose of sentencing and they had agreed on a recommended sentence of six years in prison. The trial court sentenced Fletcher the same day as the plea hearing to a six-to-nine-year prison term pursuant to the Reagan Tokes Law.

{¶ 5} On March 10, 2023, Fletcher filed a direct appeal in this court in *State v. Fletcher*, 2023-Ohio-4907 (8th Dist.). This court affirmed Fletcher's convictions and sentence but disregarded the second assignment of error concerning his forfeited vehicle.

{¶ 6} One year later, on April 25, 2024, Fletcher filed in the trial court a postsentence motion to withdraw his guilty plea and requested a hearing. Fletcher argued that there was a manifest injustice in that his guilty plea was not made knowingly, voluntarily and intelligently due to his counsel's ineffective assistance.

{¶ 7} On July 8, 2024, the trial court issued a judgment entry denying Fletcher's postsentence motion to withdraw his guilty plea.

{¶ 8} On August 7, 2024, Fletcher appealed the trial court's July 8, 2024 judgment entry denying his postsentence motion to withdraw his guilty plea raising the following two assignments of error:

> **Assignment of Error I:** The trial court erred in failing to hold an evidentiary hearing pursuant to appellant's motion to withdraw his guilty plea.

> **Assignment of Error II:** The trial court erred in denying appellant's motion to withdraw his guilty plea.

## LAW AND ANALYSIS

{¶ 9} Both of Fletcher's assignments of error concern the denial of his postsentence motion to withdraw his guilty plea, and they will be discussed together.

{¶ 10} Fletcher argues that the trial court abused its discretion in denying his postsentence motion to withdraw his guilty plea filed pursuant to Crim.R. 32.1. He alleges that there was a manifest injustice in that he received ineffective assistance of counsel before entering his guilty plea such that it was not knowingly, voluntarily and intelligently made. Specifically, Fletcher argues that his counsel was ineffective when counsel failed to inform him regarding the history of one of the many police officers, Jeffrey Yasenchack ("Yasenchack"), involved in the investigation of his case

and alleged that the officer had a history of lying about his observations made during investigations. He also argues that trial counsel was ineffective for failing to file a motion to suppress the evidence stemming from any observations of criminal activity made by Yasenchack.

> A motion to withdraw a guilty plea is governed by Crim.R. 32.1. which provides: "A motion to withdraw a plea of guilty . . . may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
>
> In a motion to withdraw a guilty plea the defendant bears the burden of establishing the existence of "manifest injustice." *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of the syllabus. Manifest injustice is "a clear or openly unjust act," *State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 208, 699 N.E.2d 83 (1998), "that is evidenced by 'an extraordinary and fundamental flaw in the plea proceeding,'" *State v. McElroy*, 8th Dist. Cuyahoga Nos. 104639, 104640, and 104641, 2017-Ohio-1049, ¶ 30, quoting *State v. Hamilton*, 8th Dist. Cuyahoga No. 90141, 2008-Ohio-455, ¶ 8.
>
> As such, the postsentence withdrawal of a guilty plea is warranted "only in extraordinary cases." *State v. Rodriguez*, 8th Dist. Cuyahoga No. 103640, 2016-Ohio-5239, ¶ 22, citing *Smith* at 264. The requisite showing of manifest injustice must be based on specific facts in the record or supplied through affidavits submitted with the motion. *See, e.g., State v. Geraci*, 8th Dist. Cuyahoga Nos. 101946 and 101947, 2015-Ohio-2699, ¶ 10.
>
> We review a trial court's decision to deny a defendant's postsentence motion to withdraw a guilty plea under an abuse-of-discretion standard. *State v. D-Bey*, 8th Dist. Cuyahoga No. 109000, 2021-Ohio-60, ¶ 58.

*State v. Hobbs*, 2021-Ohio-852, ¶ 6 (8th Dist.).

{¶ 11} Under Ohio law, res judicata generally bars a defendant from raising claims in a Crim.R. 32.1 postsentence motion to withdraw a guilty plea that were raised or could have been raised on direct appeal. *Hobbs* at ¶ 7, citing *State v.*

*Straley*, 2019-Ohio-5206, ¶ 23, citing *State v. Ketterer*, 2010-Ohio-3831; *see also State v. Conner*, 2012-Ohio-3579 (8th Dist.); *State v. Dent*, 2014-Ohio-3141 (8th Dist.); *State v. Nicholson*, 2012-Ohio-1550, ¶ 11 (8th Dist.) ("Nicholson could have raised the issue on direct appeal but did not do so. Accordingly, any argument regarding the validity of his plea is now barred by res judicata.").

{¶ 12} In *Hobbs*, this court found that the trial court did not abuse its discretion in denying defendant's postsentence Crim.R. 32.1 motion to withdraw his guilty plea because any issue Hobbs raised in the motion could have been brought on direct appeal; thus, his claim was barred by res judicata. *Hobbs* at ¶ 17.

{¶ 13} Just as in *Hobbs*, Fletcher could have raised the issues presented in his postsentence motion to withdraw his guilty plea in his direct appeal. Fletcher sets forth no reason why the issues raised in his postsentence motion could not have been raised in his direct appeal. All the information concerning Yasenchack's alleged untruthfulness and perjury was readily available at least a year prior to when Fletcher entered his guilty plea, such that Fletcher could have raised this issue in his direct appeal to this court.

{¶ 14} As such we find his claims now are barred by res judicata.

{¶ 15} Fletcher's assignments of error are overruled.

{¶ 16} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, ADMINISTRATIVE JUDGE

SEAN C. GALLAGHER, J., and
KATHLEEN ANN KEOUGH, J., CONCUR